BlackfojRD, J.
Samuel 2IcCormick filed a bill in chancery, in the Switzerland Circuit Court, against James H. MeQlure and others. The object of the bill was to obtain a decree for a certain tract of land, to which the complainant claimed title. The Circuit Court rendered a decree in favour of the complainant; and he was accordingly put into possession of the premises. That decree was afterwards reversed, on a writ of error sued out by the defendants, and the Circuit Court was instructed to dismiss the bill. In conformity with the instruction thus given, the bill was dismissed by the Circuit Court.
The defendants, MeClure and others, then applied to the Circuit Court for a writ of restitution, by which they might be put into possession of the land, of which they had been deprived by the erroneous decree. The application was opposed by McCormick, the complainant, and by Walter Armstrong, who was alleged to be in possession of the premises as a purchaser from the grantee of McCormick. The Circuit Court ordered the writ of restitution to issue; and from that order, McCormick and Armstrong have appealed to this Court.
The motion for the writ of restitution was objected to on the affidavit of Armstrong, which stated that after the decree in favour of the complainant was rendered, and before the commencement of the suit in error in which that decree was reversed, the land was sold and conveyed by the complainant, who was in possession claiming under the decree, to one Justice; that the latter had sold the land to the deponent; that both Justice and the deponent were purchasers for a valuable consideration without notice; that Justice was in possession under his purchase when he sold to the deponent; and that the latter was in possession under his purchase when the motion for the writ of restitution was made.
J. G. Eggleston, G. H. Dunn, and J. G. Mat sh«L for the appellants.
S. G. Stevens and M. G. Bright, for the appellor.
We think the affidavit shews that the motion for the writ of restitution should have been overruled.
* After the decree, and before the commencement of the suit in error, the suit in which the decree was rendered was not pending; and the land during that period, might be, bona fide, purchased for a valuable consideration from the complainant, and the title of the purchaser, and of those claiming under him, would not be affected by the subsequent reversal of the decree. Lessee of Taylor v. Boyd, 3 Ohio Rep., 337. Heirs of Ludlow v. Kidd’s Ex’rs et al., Id., 541. If, therefore, the matters which we have noticed, as stated in the affidavit, be true, the plaintiffs in the writ of error, who were the defendants below, could not have the land restored to them on the reversal of the decree, but must look to the complainant for remuneration. "Whether those matters are true or not, is a question that ought not to be decided on a motion for a writ of restitution; and the defendants below must therefore resort to some other proceeding in order to have their, claim to the land investigated and determined.
Sullivan, J., having been concerned as counsel in the cause, was absent.
Per Ouriam.—The judgmeht is reversed with costs. Cause, remanded, &c.