CHARLES HOOK

*v.*

RICHARD RICHESON *et al.*

*Filed at Mt. Vernon May 7, 1883.*

1. APPEAL—*decree in vacation—when it becomes a final decree, so that an appeal will lie.* Where a cause in chancery is taken under advisement, and a decree entered in vacation, the decree is not such a final decree as to authorize the complainant to proceed under it until after an intervening term of court, so as to afford any one affected by it an opportunity to question its correctness; and being *in fieri* until after a term of court has intervened, an appeal taken before the next term after it is entered is premature, and must be dismissed.*

2. SAME—*when prematurely brought, its dismissal no bar to subsequent appeal or writ of error.* Where an appeal taken from a decree entered in vacation before the next term of the court, is dismissed as having been prematurely taken, the defendant will still have the right to prosecute another appeal or writ of error after such decree becomes final, at the next term.

3. DECREE IN VACATION—*restraining proceedings under the decree until objections can be heard at the next term.* Where the chancellor takes a case under advisement, and renders a decree in vacation as of the term of the hearing, the decree will not be regarded as final until after the succeed-

---

* See, also, *Owens et al.* v. *Crossett*, 104 Ill. 468.

ing term, and if the complainant is about to proceed at once upon such decree, the judge, upon a proper application, may enter a temporary restraining order until the defendant can have an opportunity, under the statute, of being fully heard upon his objections to the decree.

APPEAL from the Circuit Court of Perry county; the Hon. GEO. W. WALL, Judge, presiding.

Messrs. PATTON & WATSON, for the motion.

Mr. F. M. YOUNGBLOOD, *contra.*

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is a motion by appellees to dismiss the appeal, on the ground the record was not filed by the second day of the present term, as required by law. The motion is resisted by appellant on the ground the decree at the time the appeal was taken was not, and is not even now, final.

While it appears from the certified copy of the appeal bond which is before us, that the decree appealed from was rendered at the October term, 1882, nevertheless it is shown by the counter suggestions of appellant, that in point of fact no such decree was rendered at that time, but that the case was then taken under advisement, against the objections of appellant, and that no conclusion was reached in it till about the 17th of February, 1883, when the chancellor having the case in charge prepared and sent in vacation to the clerk of the Perry circuit court, where the cause was pending, a written statement of his findings, with directions to the clerk to enter a decree in the cause in conformity therewith, as of said October term, 1882, which was accordingly done. This decree also authorized any of the parties desiring to do so, to prosecute an appeal therefrom, at any time on or before the 10th day of April then next following, by filing bond as in the decree provided. Appellant having been informed that appellees were about to proceed at once under the decree, with the view of preventing a sale of his land under it,

on the 2d of April following the entry of the decree, and before any term of court had intervened, filed the appeal bond in this case. It is further shown that on the 1st day of May following, it being the second day of the April term, 1883, of said court, and the first and only term of said court after the entry of said decree in vacation, as just stated, the appellant appeared and entered a formal motion in said cause to set aside said decree, and for a new hearing of the cause. Appellees thereupon entered a counter motion to strike appellant's motion from the files, and from the partial record before us it appears these motions are both now pending in the Perry circuit court.

As the whole of the record is not before us, so as to enable us to verify the truth of appellant's suggestions, and as they are not denied by appellees, we must, for the purposes of the present motion, accept them as true.

Section 65, chapter 37, of the Revised Statutes, provides: "When a cause or matter is taken under advisement by a judge of a circuit court,   *   *   *   and the cause or matter is decided in vacation, the judgment, decree or order therein may be entered of record in vacation; but such judgment, decree or order may, for good cause shown, be set aside, or modified, or excepted to, at the next term of the court, upon motion filed on or before the second day of the term, of which motion the opposite party or his attorney shall have reasonable notice. If not so set aside or modified, it shall thereupon become final." Assuming, as we do, the suggestions of appellant to be true, it is manifest from this statute that the decree entered in the cause was not, at the time of taking the appeal, such a final decree as to have authorized the appellees to proceed under it until after an intervening term of court, so as to have afforded any one to be affected by it an opportunity to question its correctness.

Regarding the decree, then, as merely *in fieri* until after a term of court has intervened, it follows this appeal was pre-

maturely taken, and ought, for that reason, to be dismissed. Nor do we think the fact the appellees were threatening to proceed at once under the decree, without affording appellant an opportunity to assail it upon the convening of the court, makes any difference in this respect. Doubtless, under the circumstances stated, upon a proper application to the judge, he would have entered a temporary restraining order until appellant could have been fully heard upon his objections to the decree, as provided by the statute. An appeal, under the circumstances, was not the proper remedy. If, on the other hand, the decree is to be regarded as a final decree, for the purposes of an appeal, from the date of its entry, it is clear the appeal would have to be dismissed because the record was not filed in time, for the rule in this respect is inflexible,—so that, in either view, appellees' motion to dismiss must prevail. But serious hardship can not result to appellant by reason of the allowance of this motion. When the cause is finally disposed of in the circuit court, he may then prosecute an appeal or sue out a writ of error, as he may be advised, if he desires to do so, without being at all prejudiced by the order now made in this cause.

*Appeal dismissed.*