VORDERMARK ET AL. *v.* WILKINSON.

[No. 17,773.   Filed February 18, 1897.]

APPEAL AND ERROR.—*Dismissal as to Part of Appellants.—Infants. —Statute Construed.*—Where an appeal has not been taken within the statutory period of one year, and for that reason is dismissed as to part of appellants, other appellants, who were minors at the time of the judgment appealed from, may, under section 645, Burns' R. S. 1894, have their appeal at any time within one year after the re-

Vordermark *et al. v.* Wilkinson.

moval of such disabilities, and such appeal will not be dismissed as to them for the reason that their co-appellants would be adversly affected by a reversal as to such minor defendants. *pp. 58, 59.*

SAME.—*Parties Under Legal Disabilities.—Extension of Time of Appeals as to Infant Appellants Does Not Operate as an Extension to Adult Appellants.—Statute Construed.*—Where an appeal from a judgment is delayed beyond the statutory period of one year on account of infant defendants, the extension of time for appeals provided by section 645, Burns' R. S. 1894, to persons under legal disabilities does not operate to extend the time of appeal to co-appellants not under legal disabilities. *p. 59.*

SAME.— *Dismissal.—New Appeal.—Statute Construed.*—Section 669, Burns' R. S. 1894, providing that where an appeal has been dismissed another appeal may be taken, does not have the effect to extend to any appellant, even if under disabilities, the right to appeal after the statutory limit of one year and the removal of the disabilities. *p, 59.*

SAME.—*Infant Defendants May Appeal After Removal of Disabilities. —Adult Co-Appellants.—Statute Construed.*—The right of appeal, reserved to minors by section 645, Burns' R. S. 1894, until after the removal of such disabilities, cannot be defeated for the reason that other parties to the judgment appealed from have lost their right of appeal. *p. 60.*

SAME.—*Court May Strike Out Names of Part of Appellants, and Consider as to Other Appellants.*—Construing sections 646 and 647, Burns' R. S. 1894, together, the Supreme Court may strike out the names of parties appellant who have not taken an appeal in time, and consider the appeal as to other co-appellants whose legal disabilities deferred the time of appeal as to them. *pp. 60, 61.*

PLEADING.—*Complaint.—Proceedings Supplementary to Execution. —Necessary Allegations.*—A complaint in an action in the nature of proceedings supplementary to execution to reach property of the judgment debtor in the hands of third persons, is bad on demurrer unless it alleges that the judgment debtor holds no other property subject to execution sufficient for the satisfaction of the judgment. *pp. 62, 63.*

From the Allen Circuit Court. *Reversed.*

*W. G. Colerick, W. E. Colerick* and *Vesey & Heaton,* for appellants.

*T. E. Ellison* and *L. M. Ninde & Sons,* for appellee.

HACKNEY, J.—This was a suit by the appellee, Millie A. Wilkinson, against the appellants, Henry P.

Vordermark, Harry E. Vordermark, Lillian Ada Vordermark, Mary Maud Vordermark, The Fort Wayne and New Haven Turnpike Company, the Tri-State Building and Loan Association of Fort Wayne, and John W. Vordermark, in the nature of proceedings supplementary to execution. The object of the suit was to reach personal property, stocks and money of Henry P. Vordermark to satisfy a copy of decree on execution for alimony in favor of the appellee, and it was alleged that the named appellants, severally, held such property, stocks, and money, fraudulently, from the payment of said decree and writ. The appellee, on May 17, 1893, recovered, as against the appellants, severally, as to money, stocks, or property held by them respectively. For a fuller statement see *Vordermark* v. *Wilkinson*, 142 Ind. 142. The transcript upon this appeal was filed in this court October 28, 1895, as will be observed, more than two years after the rendition of the decree. The appellee now moves to dismiss the appeal, first, as to Harry E. and Mary Maud Vordermark; second, as to the appellants other than the two just named, and, third, as to all of the appellants. The causes assigned for dismissal are, that the appeal was not taken within the time prescribed, one year, and because upon a former appeal, by the negligence of said Harry E. and Mary Maud Vordermark, the necessary parties were not brought into court, and the appeal was dismissed, as shown by *Vordermark* v. *Wilkinson, supra.* On behalf of said Harry E. and Mary Maud Vordermark, it is shown that at the date of the rendition of the decree herein, they were minors, and remained under that disability until less than one year before this appeal was perfected. For the other appellants, objection to the motion is made upon the ground that a reversal as to said Harry E. and Mary Maud Vordermark will necessarily affect the interests of said

other appellants, and that the law does not contemplate a reversal affecting the interests of persons not parties, as would be the case if they were not entertained as appellants.

The section of the statute, 645, Burns' R. S. 1894, limiting the time for appeals, provides that: "Where the appellant is under legal disabilities at the time the judgment is rendered, he may have his appeal at any time within one year after the disability is removed." There can be no doubt, therefore, that this appeal, as to said two minors, is in time, and cannot, for that reason, be dismissed. Little, if any, reason appears, however, in support of the proposition that this extension as to those under disabilities may, of itself, operate to extend the time for appeal as to those not under disability and who could have appealed within the year and rendered their appeal effective, notwithstanding the minority of other judgment defendants. Nor does the provision, section 669, Burns' R. S. 1894, that "when any appeal has been dismissed, another appeal may be taken," have the effect to extend to any appellant, even if under disabilities, the right to appeal after the statutory limit of one year, and the removal of disabilities. That provision was intended simply to prevent the foreclosure of one's right of appeal because of the dismissal of a former appeal. It was not designed to extend the time for an appeal. As to whether an appeal shall be dismissed depends upon the non-existence of jurisdiction in the court to which the appeal is taken, and when dismissed for such cause the status of the case is as if no appeal had been taken. The right to an appeal, where an earlier appeal has been dismissed for the want of jurisdiction, would probably have existed in the absence of this statutory provision, if taken in time. See *Sanders* v. *Moore*, 52 Ark. 376; *In re Rose*, 80 Cal. 166; *Columbet* v. *Pacheco*,

46 Cal. 650; *Johnson, Daniels & Co.,* v. *Polk County,* 24 Fla. 28; *Hook* v. *Richeson,* 106 Ill. 392; *McWilliams* v. *Michel,* 43 La. Ann. 984; 2 Ency. Pl. and Pr., p. 357.

The right of appeal thus reserved to the minors can not be defeated by the conclusion that other parties to the judgment of the circuit court may have lost their right of appeal if they have complied with the requirements of the statute. No question is made that they have not complied with the statute, but it is said that section 647, Burns' R.S. 1894, gives their co-appellants the right to maintain their appeal herein. That section provides that "A part of several co-parties may appeal; but in such case, they must serve notice of the appeal upon all the other co-parties and file the proof thereof with the clerk of the Supreme Court. Unless they appear and decline to join, they shall be regarded as having joined, and shall be liable for their due proportion of the costs. If they decline to join, their names may be struck out, on motion; and they shall not take an appeal afterward, nor shall they derive any benefit from the appeal, unless from the necessity of the case, except persons under legal disabilities." Another section of the statute, section 646, Burns' R.S. 1894, should be considered in this connection: "The Supreme Court, upon being satisfied that the statute of limitations has barred a part only of the appellants, may strike their names from the record, and proceed to affirm, or reverse, or modify the judgments as to those appellants only who are before the court." Under the plain language of this section it has been held proper to strike out the names of those who might, but did not, appeal in time, and to consider the appeal as to those whose disabilities deferred the time for appeal as to them. *McEndree* v. *McEndree,* 12 Ind. 97; *Hawkins* v. *Hawkins, Admr.,* 28 Ind. 66.

This case presents an instance where, under section 647, *supra,* "a part of several co-parties may appeal," and this has been accomplished by serving notice upon the other co-parties. The provision of section 647, *supra,* that if such notified co-parties do not appear and decline to join they shall be regarded as having joined, being considered in connection with section 646, *supra,* and the period of limitations provided in section 645, *supra,* cannot enlarge such limitation as to them, nor narrow the effect of section 646, *supra.* They must be held to possess no power to join, even by affirmative action, and much less by merely failing to decline. They can only do that which the law permits, and that is to not join. The rules of practice, as written in the statute, declare their non-joinder. Their names must, therefore, be stricken out, "nor shall they derive any benefit from the appeal, unless from the necessity of the case." The names of all of the appellants, excepting Harry E. Vordermark and Mary Maud Vodermark, are stricken out, and the appeal as to them is dismissed, with the reservation that if the "necessity of the case" requires, upon consideration of the interests of the remaining appellants, the judgment of the circuit court may be modified so as to benefit one or more of those whose names are stricken out.

Upon the issues and judgment the property involved was the one-half interest in a stock of boots and shoes in Fort Wayne, and eighteen and three-quarter shares of stock in the New Haven and Fort Wayne Turnpike Company, claimed by John W. Vordermark by transfer from said Henry P. Vordermark and adjudged subject to said execution; one piano, claimed by Lillian Ada Vodermark and held to be subject to the execution; $85.00 in money, claimed by said Lillian Ada and Mary Maud Vordermark, and held to

be subject to said executions, and thirty shares of stock in the Tri-State Building and Loan Association, and $290.00 in money claimed by Harry E. Vordermark, and adjudged liable to the appellee's execution. It will be seen, therefore, that the interest in said sum of $85.00, claimed by the appellant, Mary Maud Vordermark, and thirty shares of building and loan stock, and $290.00 claimed by Harry E. Vordermark, constitute the only property in question upon this appeal, and the interests of the appellee and said appellants, Harry E. and Mary Maud directly therein, and of said Building Association and Lillian Ada indirectly therein are the only interests here to be affected.

The action of the trial court in overruling a demurrer to the complaint, filed on behalf of said Harry E. and Mary Maud, is assigned as error, and urged for our decision. The objection to the complaint is, that it did not allege that Henry P. Vordermark at that time held no other property subject to execution from which appellee's execution could have been satisfied in whole or in part. It has been fully settled by the adjudications that the extraordinary remedy of proceedings supplementary to execution, as provided by our statute, will not be extended without necessity; that such necessity does not appear unless it is shown by some such allegation as that said to be absent from the complaint here in review. If under the allegations of such complaint it cannot be said that the execution creditor may not enforce his writ without resort to the property claimed by the third party, it would certainly not state a cause of action, or rather would not support the statutory remedy. *Dillman* v. *Dillman*, 90 Ind. 585; *Earl* v. *Skiles*, 93 Ind. 178; *Cushman* v. *Gephart*, 97 Ind. 46; *Baker* v. *State, ex rel.*, 109 Ind. 47; *Hollcraft* v. *Douglass*, 115 Ind. 139; *Balz* v. *Benninghof*, 5 Ind. App. 522.

It is insisted, by the learned counsel for the appellee, that the allegation of the complaint, that "Henry P. Vordermark has property and money that should be applied or paid to the satisfaction of said judgment, and that he fraudulently conceals and withholds the same from the payment thereof, * * * and that Henry P. Vordermark be required to turn over to said sheriff all money and property in his possession," is sufficient to meet the requirement of the cases cited.

In *Cushman* v. *Gephart, supra,* the allegation was that "said Cushman had property at said county which he wrongfully refused to apply to the payment of said judgment, but which cannot be reached or levied on by such execution." This was held insufficient as not showing a "necessity for the proceedings."

In *Baker* v. *State, supra,* the allegation was that the appellant had "fraudulently concealed, removed, conveyed and transferred his property subject to execution," and of this it was said by this court: "For aught that appears, he may have had an abundance of property in the county out of which the amount due upon the judgment might have been readily made by an ordinary execution." The allegation that he had property and money which he was fraudulently concealing and which should be applied to the judgment, we do not think sufficient to exclude the fact that he may have had property not concealed, but subject to execution and from which the writ might have been fully satisfied. The demurrers of said Harry E and Mary Maud should, therefore, have been sustained; and for this error, the judgment, as to them, is reversed, with instructions to sustain their said demurrers, and, of necessity, the judgment as it incidentally affected said Building Association, as to turning out said stock for sale by the sheriff, is directed to be vacated.