WOLFE, BY NEXT FRIEND, v. PEIRCE, RECEIVER.

[No. 3,145. Filed January 4, 1900.]

RECEIVERS.—*Resignation Pending Suit.—Change of Parties.—Appeal.—Railroads.*—Where the receiver of a railroad company resigned pending a suit against him as such receiver, and the defense was taken up by his successor, judgment was properly rendered in the name of the original receiver, and an appeal might be taken by plaintiff from such judgment without change of parties in the assignment of errors. *pp. 592-597.*

APPEAL. — *Notice. — Process.—Railroads.—Receivers.—Corporations.* —Notice of a vacation appeal from a judgment in an action against the receiver of a railroad company, appointed by the United States Court, served upon a freight and ticket agent of defendant, within the State, constituted a sufficient service on the receiver, who resided outside the State. *pp. 598-600.*

From the Howard Superior Court. *Motion to dismiss appeal overruled.*

*J. E. Moore* and *Freeman Cooper*, for appellant.

*C. G. Guenther, Braden Clark, C. Brown* and *C. A. Schmettau*, for appellee.

BLACK, J.—The appellant sued the appellee, receiver of the Toledo, St. Louis and Kansas City Railroad, by appointment, as alleged in the complaint, of the circuit court of the United States for the district of Indiana. There was final judgment in favor of the defendant, from which the plaintiff appeals.

The appellee and Samuel Hunt, as receiver of the Toledo, St. Louis and Kansas City Railroad, enter special appearance, and move to set aside the submission, and to set aside the service of notice of appeal, and to dismiss the appeal, upon the following grounds: "(1) That said suit and judgment appealed from are against Robert B. F. Peirce, and that, prior to the filing of said appeal in this court, the said Robert B. F. Peirce, the appellee, died. (2) That said Samuel Hunt has not been substituted, either prior to or since this appeal, as a party to this suit. (3) That the notice of appeal herein commands the sheriff to notify Robert B. F. Peirce, receiver for the Toledo, St. Louis and Kansas City Railroad, and the sheriff in his return attached thereto states that he has not served the said Robert B. F. Peirce. (4) That the return of the sheriff attached to the notice of appeal herein affirmatively shows that no notice of said appeal has been served upon the appellee, Robert B. F. Peirce. (5) That there is not now, nor was there at the time the assignment of errors was filed in this court, any such person living as Robert B. F. Peirce, receiver for the Toledo, St. Louis and Kansas City Railroad, who is named as appellee in the assignment of errors herein, as shown by the proof on file. (6) That the assignment of errors is defective, in this, to wit: That Robert B. F. Peirce, receiver, etc., is named as appellee in the assignment of errors, whereas said Robert B. F. Peirce was dead before the transcript and assignment of errors were filed in this court, as shown by the proof on file. And the appellee and said Hunt file herewith in support of said motion the affidavit of Braden Clark, which affidavit is marked Exhibit A and made part hereof."

The affidavit to which reference is thus made is to the effect that at the time of the filing of the assignment of errors, May 17, 1899, said Robert B. F. Peirce was dead. To this motion the appellant has responded by filing in this court a verified answer, which with its exhibits shows, in substance, that on the 16th of November, 1898, Robert B. F. Peirce, then the receiver of said railroad, filed his resignation as such receiver in the office of the clerk of the United States Circuit Court of the western division of the northern district of the state of Ohio, at the city of Toledo, Ohio, being the office of the clerk of the court entertaining and having jurisdiction of said Peirce as such receiver; that on the 23rd of November, 1898, said court accepted said resignation, to take effect December 1, 1898, and said court on said 23rd of November, 1898, appointed as the successor of said Peirce in said receivership Samuel Hunt, a citizen of the state of Ohio, and conferred upon him from and after December 1, 1898, all the powers theretofore exercised by said Peirce, and imposed upon said successor all the obligations and duties theretofore imposed on said Peirce, etc.; that on December 1, 1898, said Hunt duly qualified and entered upon his duties as receiver under said appointment and took full and complete control of all the property of said railroad, and has since that time continued to act and is now acting as such receiver; that said resignation, or a copy thereof, together with the said appointment of said Hunt, was also filed and recorded in the United States Court at Indianapolis, Indiana, on the 25th of November, 1898; that said Peirce was living on the 1st of December, 1898, and thereafter he did not have official connection with said railroad as receiver or otherwise, and that he did not die till the 5th of December, 1898; that while said Peirce was still acting as such receiver, on the 18th of November, 1898, the appellant filed his amended complaint in the Howard Superior Court, being the complaint set out in the record; that afterward, said Samuel Hunt, the successor of said

Peirce, on the 25th of April, 1899, by his attorneys, one of whom verified said motion to dismiss herein, appeared in said superior court to said amended complaint and filed a demurrer thereto, which is set out in the record; that upon the filing of the record in this cause in this court, the clerk thereof under his hand and seal issued a notice to appellee in the usual form, which notice was served by L. W. Harness, sheriff of Howard county, Indiana, upon said Samuel Hunt, the successor of said Peirce as such receiver, by reading to and within the hearing of William J. Carroll, the freight and ticket agent of the appellee at the city of Kokomo, Howard county, Indiana; also by leaving a true copy with said Carroll. A copy of the notice with the sheriff's return is set forth, and shows, as does the original notice with the return on file in the office of the clerk of this court, that the sheriff, on the 20th of May, 1899, "served the within Samuel Hunt, successor of Robert B. F. Peirce as receiver for the Toledo, St. Louis and Kansas City Railroad, by reading to and within the hearing of William J. Carroll, the freight and ticket agent of the appellee at the city of Kokomo, Howard county, Indiana; also left a true copy with said Carroll, no president or other high official of said appellee being in my bailiwick, and said Carroll being the agent of said company and authorized to transact business for said corporation." It is further stated in the appellant's said answer to said motion herein that the interest which said Peirce had as such receiver passed to his successor by the resignation of said Peirce and the action of the court in appointing said Hunt as his successor, and that no interest passed to said successor, Hunt, by the death of said Peirce; that Hunt, the present receiver, being a non-resident of the State of Indiana, the notice served upon said agent at Kokomo by said sheriff, as shown by his return, was the only practicable way in which personal service could be had upon the appellee.

We have a statute, to which reference has been made in argument, by which it is provided, that "in case of the death of any or all the parties to a judgment before an appeal is taken, an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor and against whom the action might have been revived, if death had occurred before judgment." §648 Burns 1894, §636 Horner 1897.

It is true that the action was brought against Peirce, receiver, etc., and the judgment was rendered in favor of the defendant by that name, and said Peirce died before the appeal to this court was commenced, the appellee being named in the assignment of errors as was the defendant below. It appears, however, that Mr. Peirce died, not since, but before the rendition of the judgment in the court below.

Another section of our code, relating to proceedings in the trial court, §272 Burns 1894, §271 Horner 1897, provides, that "no action shall abate by the death or disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or disability of a party, the court, on motion or supplemental complaint at any time within one year, or on supplemental complaint afterward, may allow the action to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action shall be continued in the name of the original party; or the court may allow the person to whom the transfer is made to be substituted in the action."

The action was not one against Mr. Peirce as an individual, but was one against him in his capacity of receiver of the corporation; and there could not have been any recovery against him personally; and whatever interest he had in the action, it was not ended by his death, but it had wholly terminated before his death by his resignation, and the appointment and qualification of his successor in the receivership, in whom thereafter continued the interest

which once was in Mr. Peirce. It was not necessary to change the names of the parties to the action pending in the court below, but it was proper for the case to proceed as it did, the defense being taken up by the receiver who succeeded Mr. Peirce.

When a change of interest has occurred before judgment, and it is proper to render the judgment without a change of name of an original party, the appeal from such judgment may be taken and prosecuted without such a change in the naming of the parties in the assignment of errors.

In *Hasselman* v. *Japanese Development Co.*, 2 Ind. App. 180, the action had been commenced in the name of the appellee as plaintiff against the appellant as defendant. After the commencement of the action a receiver for the appellee was appointed, and the receiver sold and assigned the claim sued on to one Isaac D. Fletcher, who owned it at the time of the trial; yet there was no change in the names of the parties either in the trial court or in this court, wherein the judgment was reversed.

Though in the case before us, the receiver being one appointed by the circuit court of the United States, leave of court to sue the receiver was not necessary, and there might have been a substitution of the name of the new receiver, yet it was not necessary to make such change in the name of the defendant in the court below, or, as we think, at any subsequent stage of the case.

In commenting upon the statute (24 U. S. Stat. at Large, 554, 25 U. S. Stat. at Large 431), providing (§3) that every receiver or manager of any property appointed by any court of the United States may be sued in respect of "any act or transaction of his in carrying on the business connected with such property, without previous leave of the court in which such receiver or manager was appointed," etc., it is said in Thompson on Corp. §7133: "It was not intended, by the use of the word 'his,' to limit the right to sue without leave of the court to cases where the cause of action

arises from the conduct of the receiver himself or his agents. On the contrary, with respect to his liability, the receiver stands substantially in the place of the corporation; and he is therefore suable, under the statute, without leave of the court, upon a cause of action arising from the theoretical tort of his predecessor in the office."

In *McNulta* v. *Lochridge*, 141 U. S. 327, it is said: "If actions were brought against the receivership generally or against the corporation by name, 'in the hands of', or 'in the possession of,' a receiver without stating the name of the individual, it would more accurately represent the character or status of the defendant. So long as the property of the corporation remains in the custody of the court and is administered through the agency of a receiver, such receivership is continuous and uninterrupted until the court relinquishes its hold upon the property, though its *personnel* may be subject to repeated changes. Actions against the receiver are in law actions against the receivership, or the funds in the hands of the receiver, and his contracts, misfeasances, negligences and liabilities are official and not personal, and judgments against him as receiver are payable only from the funds in his hands."

It is not necessary for us to decide whether or not there would be necessity for a change in the name of the defendant below if the original receiver, Mr. Peirce, had died before judgment and while still holding the receivership, or whether or not it would have been necessary to name the appellee differently in the assignment of errors if Mr. Peirce, still in the receivership, had died after the rendition of the judgment below.

Upon the state of facts shown under the motion now being considered, there was no impropriety in the naming of the appellee in the assignment of errors. Indeed, construing the statement of reasons in the motion with proper strictness, it could not be held, even without any counter showing, that there is any defect in the assignment of errors.

It is required by rule thirty-five of this court, that where a cause appealed in vacation has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual for any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal.

The statute provides that the notice of a vacation appeal to be issued by the clerk of this court shall be "to the appellee." §640 R. S. 1881, §652 Burns 1894. *Dougherty v. Brown*, 21 Ind. App. 115.

It is proper for us to consider whether or not the service of notice of this vacation appeal shown by the sheriff's return is sufficient. The receiver, Mr. Hunt, is shown to be a resident of the state of Ohio, and if notice can not be served upon him as receiver by serving his agent, as was done in this case, but only constructive notice can be given to the receiver, it would result that without the obtaining of personal service upon him individually in this State no personal judgment against him as receiver could be obtained in this State, wherein through his agents he is operating a railroad, in an action, such as the one at bar, wherein the alleged cause of action is a personal injury to the plaintiff suffered through alleged fault of a servant of the receiver while assisting in the operation of a train upon said railroad. Our statute, §318 Burns 1894, §316 Horner 1897, provides, that "the process against either a domestic or foreign corporation may be served on the president, presiding officer, chairman of the board of trustees, or other chief officer (or if its chief officer is not found in the county, then upon its cashier, treasurer, director, secretary, clerk, general or special agent). * * * If none of the aforesaid officers can be found, then upon any person authorized to transact business in the name of such corporation," etc.

The service made by the sheriff of the notice of appeal was such as would be good service of a summons in an action against a corporation, or would be good service of notice of an appeal if the appellee were a corporation.  The act of Congress referred to above provides (§2) that whenever, in any cause pending in any court of the United States, there shall be a receiver or manager in possession of any property, such receiver or manager shall manage and operate such property according to the requirements of the valid laws of the state in which such property shall be situated, "in the same manner the owner or possessor thereof would be bound to do if in possession thereof."

In *Central Trust Co.* v. *St. Louis, etc., R. Co.*, 40 Fed. 426, it was held that in an action in a state court against a receiver of a railroad company appointed by a court of the United States, who resided outside the state, where by the statutes of the state service on the clerk or agent of any station of a railroad company was good service on the company, service on a station agent ought to be good service on the receiver, and that under said act of Congress and the statutes of that state it probably was good service on the receiver; and, to remove all doubt, an order to that effect was made by the court of the United States.

In *Eddy* v. *Lafayette*, 49 Fed. 807, the court expressed the opinion that said act of Congress was intended to place receivers on the same plane with railway companies, both as respects their liability to be sued for acts done while operating a railroad and as respects the mode of obtaining service.

In *Proctor* v. *Missouri, etc., R. Co.*, 42 Mo. App. 124, it was held that under said statute of the United States, where service was had in such a way that it would have been good against the corporation before the business and property thereof were placed in the hands of the receiver appointed by a court of the United States, it was sufficient service on the receiver; and therefore service on a station

agent was good as against the receiver; and that though the sheriff may have understood that he was commanded to serve the corporation and that he had made service on the corporation, such understanding of the sheriff was immaterial, since, in fact, he served the agent of the receiver. See Cook on Corp., §871, and notes; Thompson on Rec., §§3132, 8045; Beach on Rec., §386; Smith on Rec., §286, and notes.

The merits of the cause are not now before us for decision. The motion to set aside the submission and the service of notice of appeal and to dismiss the appeal is overruled.