## THE ATTICA BUILDING AND LOAN ASSOCIATION OF ATTICA ET AL. *v.* COLVERT ET AL.

[No. 27,171. Filed November 5, 1939. Rehearing denied December 11, 1939.]

194

*William Kummings, Courtney W. Dice,* and *Ward S. Williams,* for appellants.

*Lee Whitehall,* and *White & White,* for appellees.

FANSLER, C. J.—This is an action begun by the appellee Catherine Colvert on June 19, 1929, for a review of a judgment, quieting title to and partitioning real estate, entered on June 13, 1917. It is alleged that prior to December 26, 1928, she was a minor. It was held that there was error of law appearing in the proceedings in which the original judgment was entered, and the original judgment was set aside.

Appellant, The Attica Building & Loan Association of Attica, Indiana, assigns as error the overruling of a demurrer to the second amended complaint, upon which the cause was tried, and the sustaining of a demurrer to the third paragraph of answer, and the overruling of a motion for a new trial.

It appears that Hester Jane Colvert died testate in 1908, the owner of 587 acres of land in Fountain County. She left surviving her four sons and several grandchildren, children of the sons. She left a will, which was duly probated, which is as follows:

"I, Hester J. Colvert, of the city of Attica, Fountain County, Indiana, being of sound mind and disposing memory, do make, publish and declare the following to be my last will and testament:

"Clause 1. I will and devise to my son Corwin Colvert all of my real estate wherever the same may be situated to be held by him in trust upon the following terms and conditions:

"First: He is to rent such real estate for the best terms obtainable and apply the proceeds, first to the payment of the taxes and keeping the real estate in repair; Second, he shall divide the residue of such rents equally between my four sons, William Colvert, Armstrong Colvert, Charles Colvert and himself, the said Corwin Colvert.

"Second: The said trustee shall have no power or authority to sell or incumber said real estate or to partition or divide the same during this trust.

"Third: This trust shall continue so long as either of my said four sons shall survive.

"Fourth: When either of my said sons shall die after my death, the rents so to be divided shall then be apportioned among the remaining sons living and so continue until the last son shall die, the widows and children of the sons dying to have none of the rents and profits so long as any one of said sons survive.

"Fifth: In case my said son, Corwin Colvert, shall die before all his brothers shall die, then my son Armstrong shall act as such trustee and in case he shall die before his brothers, he shall be succeeded in such trust by the remaining two brothers and the survivor of them shall continue until his death.

"Clause 2. When all of my said sons shall be dead, then I devise the fee simple interest in all of my said real estate to such of my grandchildren, children of said four sons, as may then be living, share and share alike, the number to share to be determined by those living at the death of my last son and such grandchildren as shall die before the death of my last son shall have no interest in such remainder.

"Clause 3. I nominate and appoint my son Corwin Colvert as Executor of this my will.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal this April 29th, 1905.

"Hester Jane Colvert."

In 1916, William Colvert, one of the sons of Hester Jane Colvert, brought an action against his three brothers and their wives, and William E. Colvert, Frederick Colvert, Louise Colvert, and Catherine Colvert (the ·plaintiff in the present action), and the executor and trustee of the will of Hester Jane Colvert. The complaint was in two paragraphs. In the first paragraph it was alleged that the plaintiff and his three brothers were the owners in fee simple as tenants in common of an undivided one-fourth each of the 587 acres of land of which their mother died seized; that the children who were named defendants were in being at the death of Hester Jane Colvert; that they were all under the age of twenty-one years; and that they "have no interest in said real estate, unless it would be pursuant to a certain will executed by one Hester Jane Colvert, now deceased, which will has been duly probated in this court, and which reads as follows: * * *." The will is thereafter set out in full. It is alleged in this paragraph that Hester Jane Colvert was the mother of the plaintiff and his brothers, and that she died seized of the real estate in question, and that she is the grandmother of the minor children who are made defendants, It is further alleged that the executor and trustee under the will and the grandchildren of the testatrix who were made defendants are asserting an interest in the land pursuant to the will, and that their claims are adverse to the rights of the plaintiff and his brothers and are unfounded and a cloud upon their title. The second paragraph alleges that the plaintiff and his three brothers are the owners in fee simple as tenants in common of the real estate in question; that they are

entitled to have their interests set off in severalty; and that the other defendants have no interest in the property. There was prayer that title be quieted, and that the plaintiff and his brothers be declared the owners of the real estate in fee simple, and that the claims of the other defendants be declared null and void, and that the real estate be partitioned among the plaintiff and his brothers. Summons was issued and served on the infant defendants. Charles R. Milford, an attorney at law, was appointed guardian ad litem for all of the minor defendants, and as such guardian filed a demurrer to the first paragraph of complaint for want of facts. In a memorandum attached to this demurrer it is asserted that Hester J. Colvert was in her lifetime the owner of the real estate described in the complaint; that her will, which was set out verbatim in the first paragraph of the complaint, had been duly probated, as appeared from the allegations of the complaint; that the validity of the will is not attacked in any way in the complaint; that the complaint shows on its face that the minor defendants were grandchildren of the testatrix and were alive at the time of her death, and that they were the children of her sons; that it appears therefore from the terms of the will that the interest of the plaintiff and his brothers amounted only to a life estate. Afterwards, and before there is any record of this demurrer having been ruled on, the guardian ad litem filed what is denominated a demurrer to the complaint on behalf of the minor defendants. This demurrer was for want of facts. A memorandum to this demurrer is an elaboration of the matter set out in the memorandum to the first demurrer. At the same time the defendant Corwin Colvert, one of the brothers, by his attorneys, one of whom was the guardian ad litem, also filed a demurrer to the complaint as a whole,

which was substantially the same as the second demurrer filed by the guardian ad litem, and a like demurrer was filed by Corwin Colvert as executor and trustee under the will. Thereafter all of these demurrers were overruled. The order as to the demurrer of the guardian ad litem reads: "And the court being fully advised in the premises overrules the separate demurrer of Charles R. Milford, guardian ad litem for the infant defendants in this cause, and to the ruling of the court the guardian ad litem for said infant defendants excepts." Thereafter all of the defendants filed an answer in general denial. The cause was submitted to the court for trial, and the record recites that the court, having heard the evidence and being duly advised, finds that the plaintiff and his brothers are the owners in fee simple of the land in question; that the executor and trustee has no interest; and that the claims of the minor defendants are each and all without right and unfounded; and title was quieted against them. It was further found that the plaintiff and his three brothers were entitled to have partition, and partition was ordered. Commissioners were appointed. They filed a report, partitioning the property, which was approved and confirmed by the court.

The plaintiff in her complaint alleged all of these facts, and asserts that the court erred in overruling the demurrer of the minor defendants in said cause, and that the complaint did not state facts sufficient to constitute a cause of action against her, or any or all of the infant defendants.

A demurrer to this complaint was overruled. Appellant, The Attica Building & Loan Association of Attica, Indiana, filed an answer in three paragraphs. A demurrer was sustained to the third paragraph. The

cause being thus at issue was submitted to the court for trial, and there was judgment for the plaintiff.

The appellee Catherine Colvert has moved to dismiss the appeal upon the ground that the transcript and assignments of error were not filed in this court within ninety days after judgment. They were filed within ninety days after the ruling upon appellants' motions for a new trial; but it is contended that, since this is an action to review for error, no motion for a new trial is contemplated. The appellants apparently believed, and are contending here, that the evidence was insufficient to sustain the allegations of the complaint. It may be granted, for the purpose of ruling upon this motion, that there was no question of fact presented, and that the record of the whole case sought to be reviewed was before the trial court, and that there was no other issue of fact submitted, and that the appellants are in error in believing that evidence was necessary and that that which was introduced is insufficient. Nevertheless the appellants have the right to make this contention, and to present the question, and for that purpose had the right to file a motion for a new trial and to appeal from the ruling thereon; and, where a motion for a new trial is filed under such circumstances, an appeal is in time when the assignment of errors and transcript are filed within ninety days after the ruling thereon.

The appellee Catherine Colvert, administratrix de bonis non with the will annexed of the estate of Hester Jane Colvert, deceased, has moved to dismiss the appeal for defect of parties. At the time the complaint was filed below, George McMurtrie was administrator de bonis non with the will annexed of the estate of Charles Colvert, deceased. The record shows that at some time prior to judgment his

resignation was suggested, and R. C. Fenters, administrator de bonis non with the will annexed, was substituted. The final judgment refers to the parties only as plaintiff and defendants. This is a term appeal in which no notices were necessary, since all parties to the action must take notice of the appeal. The motion to dismiss is upon the ground that McMurtrie, and not Fenters, is named as administrator de bonis non, and that Fenters is a necessary party and has not been made a party to the appeal. The record shows that attorneys represented the estate. A judgment in favor of the estate, naming the original administrator de bonis non, instead of the substituted one, would have been enforceable and sufficient to protect the interests of the estate. In *Wolfe, etc.* v. *Peirce, Receiver* (1900), 23 Ind. App. 591, 55 N. E. 872, there was a motion to dismiss an appeal upon the ground that a defendant receiver for a railroad, who was named in the complaint, had before judgment resigned and another receiver had been appointed in his place, and the judgment was in the name of the original receiver, and the original receiver was named in the assignment of errors. The motion to dismiss was overruled. The appeal in that case was taken in vacation, and although the notice was in the name of the original receiver, it was served upon the acting receiver, who had been cognizant of the proceedings and who had been represented in court by attorneys. We approve of the court's conclusion in that case, and conclude that the same rule is applicable here. The motions to dismiss are overruled.

There seems to be no ambiguity in the will of Hester Jane Colvert. She clearly intended that her sons should not become the owners of her property in fee simple, but that they should only have the proceeds. Where a will is ambiguous, and a

testator's intention cannot be determined from the language of the will, rules of construction are of necessity resorted to; not for the purpose of misconstruing that which is clear, but for the purpose of resolving a doubt as to the testator's meaning. It is never permissible for courts to resort to rules of construction where the language of the instrument is clear and unambiguous. It is suggested in the briefs that in the original case the trial court invoked a rule that words of survivorship used in disposing of an estate are presumed to relate to the death of the testator rather than to the death of the first taker, and construed the will to mean that the fee was to vest in the grandchildren only if the testatrix's sons died before her death. Appellant, The Attica Building & Loan Association of Attica, Indiana, cites the case of *Quilliam et al.* v. *Union Trust Company of Indianapolis et al.* (1924), 194 Ind. 521, 530, 142 N. E. 214, 217, in which the rules said to have been applied are discussed, and contends that those rules are applicable. But in that case the court clearly recognized that where the intention of the testator is clearly expressed it must be given effect, and before resorting to the rules of construction said: "As his intention is not clearly expressed, then we should resort to the well-recognized rules of construction to aid us."

It follows that the first paragraph of the complaint of William Colvert, in which he asserted that he and his brothers were the owners of the real estate in fee simple, and then set out in full the will under which they claimed, did not state a cause of action. The guardian ad litem of Catherine Colvert demurred to this paragraph, and in the memorandum pointed out that the will which was set out in the complaint clearly indicated a conditional fee in Catherine Colvert, and that it clearly provided that the plaintiff

and his brothers were in no event to take a fee simple title to the real estate. Before this demurrer was ruled on, the guardian filed the second demurrer, which was substantially the same as the first except that it was directed to the complaint as a whole. In ruling the court merely referred to overruling "the demurrer" of the guardian ad litem, but, since the first demurrer was never withdrawn, and the guardian ad litem was entitled to have it ruled on, it must be concluded that the court intended to overrule it, and that the two demurrers were treated as one, with a paragraph directed to the first paragraph of complaint and a paragraph directed to the complaint as a whole. It is contended that, since a demurrer to the complaint as a whole is properly overruled if there is one good paragraph of complaint, and since the demurrer to the complaint as a whole did not by memorandum point to any infirmity in the second paragraph, this demurrer was properly overruled. And it is contended further that it must be assumed that the judgment below was based upon this second and unquestioned paragraph of complaint.

The second paragraph of complaint was bad as to the infant defendants. There was no attempt to state facts entitling the plaintiff to partition against the infant defendants; on the contrary, there was an allegation that they had no interest in the property; and there were not sufficient allegations to state a good cause of action to quiet title, since a complaint to quiet title to be good must allege that the defendants are claiming title to the real estate, and that their claim is adverse to the plaintiffs. See *Rennert* v. *Shirk et al.* (1904), 163 Ind. 542, 72 N. E. 546, and cases cited. There were no such allegations. It was clearly error to overrule the demurrer to the first para-

graph of complaint. " 'Where a material error has found its way into a cause, the presumption must be, in the absence of a clear showing to the contrary, that the judgment was in some degree a product of such error.' The rule has long been settled in this State that a judgment in favor of a plaintiff must be reversed where a demurrer has been overruled to an insufficient paragraph of complaint, unless it affirmatively appears from the record that the verdict or finding rests exclusively upon a good paragraph or paragraphs." *Cleveland, C., C. & St. L. Ry.* v. *Perkins* (1908), 171 Ind. 307, 316, 86 N. E. 405, 408, and cases cited. It does not appear that the judgment quieting title rested upon the second paragraph of complaint. In fact, it can hardly be doubted that it rested upon the first paragraph, which was the only one which sought to raise the question. While the first paragraph was referred to as a complaint to quiet title, it was in fact a complaint seeking a construction of the will, and it is recognized by all the parties that the judgment quieting title was the result of a construction of the will. The ruling on the demurrer was therefore error prejudicial to the rights of the minor defendants.

Section 2-2604 Burns' Ind. St. 1933, section 428 Baldwin's Ind. St. 1934, provides: "Any person who is a party to any judgment, or the heirs, devisees or personal representatives of a deceased party, may file in the court where such judgment is rendered a complaint for a review of the proceedings and judgment. Any person under legal disabilities may file such complaint at any time within one year after the disability is removed. But no complaint shall be filed for a review of a judgment of divorce." Section 2-4701 Burns' Ind. St. 1933, section 1217 Bald-

win's Ind. St. 1934, provides: "* * * The phrase 'under legal disabilities' includes persons within the age of twenty-one [21] years * * *." By the clear terms of the statute, persons under the age of 21 years may maintain an action to review a judgment after coming of age. Section 2-2605 Burns' Ind. St. 1933, section 429 Baldwin's Ind. St. 1934, provides that a complaint may be filed for any error of law appearing in the proceedings and judgment. It has been repeatedly held that an action for review of a judgment is a substitute for the remedy by appeal and is of the same nature. *Clark et al.* v. *Hillis* (1893), 134 Ind. 421, 34 N. E. 13, and cases cited; *In Re Boyer's Guardianship* (1933), 96 Ind. App. 161, 174 N. E. 714. From the earliest times statutes and rules of court have permitted one who was under legal disability at the time a judgment was rendered against him to appeal after the disability was removed. Section 2-3202 Burns' Ind. St. 1933, section 472 Baldwin's Ind. St. 1934; Rule 1, Revised Rules of the Supreme and Appellate Courts of Indiana, 1937; *Hawkins et al.* v. *Hawkins, Adm'r, et al.* (1867), 28 Ind. 66; *Vordermark et al.* v. *Wilkinson* (1897), 147 Ind. 56, 46 N. E. 336. In the latter case, minors, against whom a judgment had been taken, appealed within the time permitted after their disability was removed, and assigned as error the overruling of a demurrer to the complaint filed on their behalf. Their right to appeal was sustained. The action for a review for error in this case was begun within the time in which Catherine Colvert might have perfected an appeal from the judgment, assigning the same error for review. Her right to maintain the action cannot be seriously questioned.

It is contended that at the time the second amended complaint was filed the statute of limitations had run.

The contention is based upon the theory that the second amended complaint states a cause of action differing from the original complaint and the first amended complaint. But this contention cannot be sustained. The first complaint described the issues and proceedings in the original action, and alleged that the overruling of the demurrer was error, and sought a review to correct this error. The only substantial difference in the first amended complaint is that, in addition to these allegations, it is alleged that the guardian ad litem was not disinterested. There seems to have been an effort to predicate error upon an abuse of discretion in the appointment of the guardian ad litem. It also alleges facts in anticipation of a defense. But the relief sought in each of the complaints was vacation of the judgment because of error of law committed by the trial court. It has been said that a fair test by which to determine whether two complaints state the same cause of action is whether or not a recovery upon one would be a bar to recovery upon the other. *Terre Haute & Indianapolis Railroad Co.* v. *Zehner* (1906), 166 Ind. 149, 76 N. E. 169. By this test it is clear that all of the complaints state the same cause of action. Where an amended complaint merely amplifies or restates in different form the cause of action set out in the original pleading, it relates back to the commencement of the suit, and the statute of limitations is arrested at that point. *Chicago & E. R. R. Co. et al.* v. *Dinius* (1913), 180 Ind. 596, 103 N. E. 652.

It is contended that the complaint is bad because it does not point out which of the two demurrers filed by the guardian ad litem is referred to in assigning error upon the overruling of the demurrer. There was no motion to make more specific, but if there had been we think it is easily apparent that the complaint refers to

the demurrer or demurrers addressed to the first paragraph of complaint. In fact, there is some basis for treating the demurrer that is said to be general as directed to the first paragraph of complaint, since the first specification in the memorandum begins: "The will of the said Hester J. Colvert, who in her lifetime was the owner of the real estate described in said paragraph of complaint * * *." All of the memoranda in both demurrers is clearly directed toward deficiencies in the first paragraph of complaint. It is clear, and must have been clear to the judge who tried the case, that if the first paragraph of complaint alleged a good cause of action, that is to say, if the will of Hester Jane Colvert is construed as vesting the plaintiff and his three brothers with fee simple title to the real estate in question, they were entitled as a matter of course to have the land partitioned. The second paragraph of complaint, as has been pointed out, was merely a petition for partition in which the infant defendants could have no interest whatever if the first paragraph of complaint stated a cause of action, and in fact there was no effort to state a cause of action against them in the second paragraph. There could be no uncertainty as to the error of which Catherine Colvert was complaining.

Appellant, The Attica Building & Loan Association of Attica, Indiana, by its third paragraph of answer, alleged that, after the judgment quieting title and partitioning the property in question, Charles Colvert mortgaged the lands set off to him in said action to said appellant to secure the payment of $11,000; that the debt has never been paid or the mortgage released, and that the mortgage is the basis of the defendant's interest; that it made its loan upon the strength of the judgment quieting title and partitioning the real estate.

It also alleged that on June 22, 1929, Louise Colvert, being one of the infant defendants in the original action, began an action in the Fountain Circuit Court naming numerous parties defendant, including Catherine Colvert. The complaint of Louise Colvert is set out in full in the answer. It recites the facts relating to her grandmother's will, and the action by William Colvert, and the judgment quieting title in the brothers and ordering partition. It is alleged that the plaintiff, Louise Colvert, was the daughter of Corwin Colvert, and that she was an infant at the time of the proceedings and judgment; that summons was served upon her by the sheriff, but that she relied upon her father to protect her rights, and that she was informed by her father that her presence in court was unnecessary; that the interest of her father was in fact adverse to her interest; that a practicing attorney, who was in fact and of record the attorney employed by her father to protect his interest, was appointed guardian ad litem for her, and that he accepted such appointment and filed the demurrer with which we are familiar; that no appeal was ever taken upon her behalf, or on behalf of any other party, by her guardian ad litem; and that no complaint to review the judgment was ever filed or presented. She further alleged that she had a good and meritorious defense to the original action. She prayed that "said judgment and decree may be set aside, opened up and this plaintiff be permitted to defend said cause of action so alleged and filed by said William Colvert and for all other proper relief." It is then alleged in the appellant's answer that "this cause of action to review brought by the said Catherine Colvert is brought to review the exact same cause of action, the said Louise Colvert prosecuted for the purpose of setting aside judgment

and decree rendered in aforesaid cause of action Number 3675 in the Fountain Circuit Court, and each of said causes of action were for the purpose of construing the will of Hester Jane Colvert and determining the title to the same real estate and between the same parties in person or by legal representation." It is then recited in the answer that a demurrer was sustained to the complaint of Louise Colvert; that she refused to plead further; that Louise Colvert appealed to the Appellate Court; and that the judgment against her was affirmed. The opinion affirming the judgment is reported in 95 Ind. App. 325, 178 N. E. 692, 180 N. E. 192. It is then alleged that: "The entire proceeding herein heretofore set out constituted one continuous proceeding in one and the same cause of action from the filing of the complaint by William Colvert mentioned and set out at Number '5' hereof, to and including the appeal of the said cause of action brought by the said Louise Colvert to the appellate court of the state of Indiana as herein above set forth and that the said cause of action was between the same parties as in this cause set forth except parties became necessary because of death and was for the construction of the same instrument in writing, to-wit: The last will and testament of Hester Jane Colvert, deceased, and for establishment of the same rights under said will with reference to the same lands as in this cause of action and that this cause of action is but an attempted continuation of the same litigation heretofore as herein set forth tried and adjudged  *  *  *." We have set out the allegations of this answer rather fully, so that the contentions of the appellant may clearly appear. A demurrer to this answer was sustained, and the ruling is assigned as error.

Appellant says that "the sustaining of the demurrer to this third paragraph of answer is presented first as to the error because of the affirmative showing that this appellant was a bona fide purchaser of its interest for value in reliance upon the title established by said judgment in 1917 in cause 3675."

There is much conflict in the decisions in the various states upon the question of whether one who takes title after judgment holds subject to a reversal of the judgment. It is generally held that he does only when he takes pendente lite. In an early case, *McCormick et al.* v. *McClure et al.* (1843), 6 Blackf. 466, 468, it was held by this court that: "After the decree, and before the commencement of the suit in error, the suit in which the decree was rendered was not pending; and the land during that period, might be, *bona fide,* purchased for a valuable consideration from the complainant, and the title of the purchaser, and of those claiming under him, would not be affected by the subsequent reversal of the decree." This case has never been expressly reversed, perhaps because it deals with a writ of error, and the later cases deal with a review on appeal under the statute. We now have a statute, section 2-3242 Burns' Ind. St. 1933, section 516 Baldwin's Ind. St. 1934, which is as follows: "The reversal of any judgment by virtue of which any real estate has been sold or transferred, or the title thereto affirmed, shall not avoid the sale, transfer or title, if the person to be affected thereby shall be, or claim under, a purchaser in good faith, and not a party to the record or attorney of any party." Since the statute declares the conditions under which the reversal of a judgment shall *not* avoid the sale or transfer of title, there is basis for argument that inferentially it declares that in all other

cases the reversal of the judgment *shall* avoid the sale and transfer of title. This, however, is not made the basis of the decision in the cases which follow. In *Smith et al.* v. *Cottrell* (1884), 94 Ind. 379, it was held that one who purchased while there was a right to a new trial outstanding, was not a purchaser in good faith; and a decision of Lord Redesdale is referred to in which it was said that, although a bill had been dismissed, a purchaser after dismissal will be a purchaser pendente lite if an appeal is taken to the House of Lords. In *Dunnington* v. *Elston* (1885), 101 Ind. 373, 374, 375, it was held that where the only title of a purchaser rests upon a judgment of a court of record, he is bound to take notice of the source of his title, and he is charged with notice of all the incidents to which the judgment is subject. "He is conclusively presumed to know that the judgment may be appealed from within a limited time, or that by the payment of costs the judgment may be vacated within a time fixed by law"; that if he takes his title within the time allowed for an appeal, he takes the hazard of the appeal and the reversal of the judgment, and when the judgment is reversed or set aside he cannot say that he is a purchaser in good faith. It is also said in the opinion: "It was not necessary, in order to preserve his title from a purchaser *pendente lite,* that he should have filed a lis pendens notice as provided by section 325, R. S. 1881. His title being of record afforded constructive notice of his rights pending the litigation." And again: "A construction of the statute such as the appellant contends for would practically destroy the right of appeal in cases where the title to land is involved, by putting it within the power of the prevailing party below to render an appeal unavailing by a transfer of the title." It is apparent that the case was considered as still

pending during the time in which it could be reviewed for error on appeal, and that the rule as stated applies whether the time within which the review may be had is limited to ninety days or twenty years. The rule was followed in *Smith et al.* v. *Cottrell, supra,* and *Brown* v. *Cody* (1888), 115 Ind. 484, 18 N. E. 9, where title was taken before the expiration of the time within which a new trial might be had as of right. The appeal under our statute does not take the whole case, but only involves a review for error. In the cases referred to the court seems to have treated such a review as within the same category as a motion for a new trial, and has treated the action as pending during the time in which such review may be had. Consistently this court has since held that an action to review a judgment for error is in the nature of a petition for rehearing, and that it is not independent of, but is incidental to, the main action; that it is a method by which the court that tried the case may have the opportunity to correct its own error. *Ex Parte Kiley and Slatterly* (1893), 135 Ind. 225, 34 N. E. 989. There were then and are now two methods of review for error. One is an appeal to the Appellate Court or this court, assigning error. The other is the proceeding for a review for error in the court in which the judgment was had. In this case Catherine Colvert might have resorted to an appeal based upon the error as an alternative to the action to review. She was still within the time. Under the cases, appellant would hold its title subject to reversal of the judgment in such an appeal. If the action is pending during the time of review in the one instance, no reason can be seen why it is not pending in the other. The object is the same—an examination of the record to determine whether there is error, and a setting aside of the judgment if prejudicial error is found. While

the question has not heretofore been expressly decided, it cannot be doubted that a purchaser who takes title to real estate founded upon a judgment, within the time allowed for a review for error, takes it subject to the rights of the unsuccessful party should the judgment be set aside.

It is contended that, because Catherine Colvert was a party to the action of Louise Colvert, and there was judgment against Louise Colvert in that action, Catherine Colvert is bound by the judgment, and that it bars this action. An examination of the opinion of the Appellate Court in *Colvert* v. *Colvert et al., supra,* discloses that the action of Louise Colvert sought to relieve her from the effects of the judgment under the second clause of section 2-1068 Burns' Ind. St. 1933, section 173 Baldwin's Ind. St. 1934, which provides: "The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, on complaint filed and notice issued, as in an original action, within two (2) years from and after the date of the judgment." Catherine Colvert was still an infant at the time that action was brought. She was a proper, if not necessary, party defendant. In her action, Louise Colvert did not rely upon error of law committed against her, nor, of course, against error of law committed against Catherine Colvert. Error of law committed on the trial is not cause for relief under the statute relied upon by Louise Colvert. *Center Township* v. *Board of Com'rs of Marion County et al.* (1887), 110 Ind. 579, 10 N. E. 291; *Globe Mining Co.* v. *Oak Ridge Coal Co.* (1932), 204 Ind. 11, 177 N. E. 868.

Appellant correctly asserts that the original action, and the action of Louise Colvert, and the present action,

are all part of one transaction, and that the question involved is the construction of the will of Hester Jane Colvert. But the two latter actions are separate and distinct incidents to the original action. An action seeking relief from a judgment taken through mistake, inadvertence, surprise, or excusable neglect, is an incident to the main action, but its determination cannot bar the right of another party to the main action to have the judgment reviewed for error within the statutory time.

It is urged, in support of the assignment that the court erred in overruling the motion of The Attica Building & Loan Association of Attica, Indiana, for a new trial, that the plaintiff did not prove her age in order to show that her action was brought within the statute of limitations. If the plaintiff had the burden of proving the fact and failed it is because competent evidence was excluded upon the objection of appellant, and therefore it cannot complain of the failure.

The appellant Dan R. Young, Receiver of The Farmers Merchants State Bank of Attica, Indiana, has assigned error upon the overruling of his motion for a change of venue from the county. Since this action is but an incident to the main action, the defendants were not entitled to a change of venue from the county. See *Ex Parte Kiley and Slatterly, supra.*

The appellant receiver also predicates error upon the overruling of his motion to modify the judgment. He sought a modification limiting the judgment in its effect to the rights of the plaintiff only; that is to say, he wanted the judgment to show that the original judgment was not vacated and set aside as to any one but the plaintiff, Catherine Colvert. His

216

criticism therefore is not that the judgment is too broad in so far as it affects the appellee Catherine Colvert, who was the plaintiff below and the only person asking relief, but that it might be construed as granting relief to some of appellant's codefendants below, to which he insists they were not entitled. It is immediately apparent that appellant's controversy is with his codefendants below, and not with the plaintiff, and that there were no issues between the defendants below, and therefore no question as to their respective rights can be presented on this appeal. The appellee Catherine Colvert has called our attention to the case of *Wright et al.* v. *Churchman et al.* (1893), 135 Ind. 683, 35 N. E. 835, in which it is held that in an action to review a judgment, the reversal of the judgment does not vacate it except as to the plaintiff who sought such relief. The receiver, in a reply brief, suggests that if this court feels that the case of *Wright et al.* v. *Churchman et al.* is in point it should be reaffirmed in order to avoid further litigation. But on this appeal no controversies between the defendants are presented by the record.

Judgment affirmed.