No. 10,149.

## CAIN ET AL. *v.* GODA.

JUDGMENT.—*Review.*—A void judgment may be so adjudged, in a suit for that purpose, and such suit is not a suit to review the judgment.

SAME.—*Circuit Court.*—*Regular Terms.*—Regular terms of the circuit courts can only be held at the times fixed by law, and if not held in accordance with the statute the proceedings will be null and void.

STATUTES.—*Taking Effect.*—*Constitutional Law.*—A statute, without an emergency declared therein as required by the constitution (R. S. 1881, section 124), does not take effect until published, and the Legislature has no power to put it in effect sooner by another act.

From the Pulaski Circuit Court.

*W. Spangler* and *J. M. Howard,* for appellants.

*N. L. Agnew* and *J. C. Nye,* for appellee.

ELLIOTT, J.—The appellants' complaint alleges that a judgment was entered against them on the order book of the Pulaski Circuit Court, in an action instituted by the appellee; that, at the time of the trial of the cause and entry of the judgment, on the 9th day of June, 1881, the Pulaski Circuit Court was not in session; that the trial was had before a gentleman who assumed to hold a session of the court, under the provisions of an act approved April 8th, 1881, entitled "An act defining the thirty-first judicial circuit of the State of Indiana, and fixing the times for holding the terms of court therein, and repealing all laws in conflict herewith" (Acts 1881, p. 109); that this act contained no emergency clause,

VOL. 84.—14

and, therefore, did not take effect until the 19th day of September, 1881, more than three months after the judgment was placed on the order book; that an act was passed on the 15th day of April, 1881, entitled, "An act supplementary to an act entitled 'An act defining the thirty-first judicial circuit of the State of Indiana, and fixing the times for holding the courts therein, and the length of the terms thereof;'" that this act contains a provision declaring that the act of April 8th, 1881, shall be in force from and after its passage. The complaint is verified, and prays that the judgment be declared void, because there was no legal court in session at the time it is alleged to have been rendered, and also prays an injunction staying execution.

Appellee insists that the complaint is a bill of review, and is defective because it does not set forth the proceedings in the action wherein the judgment was rendered. We are not willing to hold that a void judgment can only be set aside upon a bill of review, for such a judgment may be attacked in any of the methods recognized by law, as, for instance, by a complaint for an injunction, or by an action to have it vacated. It is, indeed, not even necessary that the attack should be a direct one, for a void judgment may be collaterally impeached.

The appellee states the rule governing bills of review too broadly. It is not always necessary to set out the entire proceedings. The true rule upon this subject is that declared in *Stevens* v. *City of Logansport*, 76 Ind. 498, where it is held that it is only necessary to set forth so much of the record as will fully exhibit the error complained of and enable the court to understand the character and effect of the ruling alleged to furnish grounds for reviewing the judgment. In the case before us, it is not necessary to set out all the proceedings in order to enable the court to understand the character and effect of the rulings complained of, and, therefore, if we should regard the complaint as strictly within the rule governing bills of review, we could not hold it bad for the reason assigned by appellee's counsel.

Cain *et al. v.* Goda.

Courts must be held at the times designated by law, and business can only be lawfully transacted at a term held in accordance with the provisions of the statute upon the subject. *Batten* v. *State*, 80 Ind. 394; *McCool* v. *State*, 7 Ind. 378; *Smithson* v. *Dillon*, 16 Ind. 169; *Newman* v. *Hammond*, 46 Ind. 119; *Ferger* v. *Wesler*, 35 Ind. 53; Freeman Judg., section 121. The judge can not hold a regular session at a time different from that fixed by law, although, if the provisions of the statute are complied with, adjourned and special sessions may be held. The complaint before us expressly avers that there was no special or adjourned term, and that the session was assumed to be held as a regular term under the provisions of the act of April 8th, 1881.

As the act of April 8th contained no emergency clause, it did not take effect until September 19th, 1881, unless the act subsequently passed put it into immediate operation. We are thus faced by the important question, whether an act which contains no emergency clause can be put into effect by a subsequent statute declaring that it shall go into force from and after its passage. Grave and important as the question is, we think it is entirely free from doubt and conclusively settled by a plain constitutional provision. Section 28 of article 4 of the Constitution reads thus: "No act shall take effect until the same shall have been published and circulated in the several counties of this State by authority, except in case of emergency; which emergency shall be declared in the preamble or in the body of the law." There is here no room for construction, for the language is as plain as it could possibly be. The emergency must be declared in the preamble or body of the act itself, and can not be incorporated, with effect, in any other statute. Cooley Const. Lim. (4th ed.) 191.

Judgment reversed, with instructions to overrule the demurrer to the complaint.