Wright *et al. v.* Churchman *et al.*

Filed Nov. 28, 1893.

———◆———

No. 16,343.

WRIGHT ET AL. *v.* CHURCHMAN ET AL.

|135  683|
|149  113|

JUDGMENT.—*Review of.*—*Effect Same as Appeal.*—*Reversal in Part.*—
Where, in an action to review a judgment foreclosing a mortgage, the decree in the review proceedings sets aside the judgment in foreclosure, as to parties holding junior incumbrances, such reversal of the judgment, in part, does not vacate the judgment in foreclosure as to the remaining judgment defendants in the foreclosure proceedings; the result of a successful application to review a judgment being the same as a successful appeal.

From the Marion Circuit Court.

*H. C. Allen,* for appellants.

*W. V. Rooker, J. S. Tarkington* and *S. M. Shepard,* for appellees.

COFFEY, J.—This was an action brought by the appellant Sallie A. Wright, in the Marion Circuit Court, against the appellees, Francis M. Churchman, Catharine E. Hamlin and Carlin Hamlin, for the partition of the land described in the complaint.

The complaint alleges, among other things, that the appellant Sallie A. Wright is the owner in fee of the undivided one-sixth of the land, and that the other parties to the action are tenants in common with her. The pleadings are somewhat voluminous and need not be set out in this opinion. It is sufficient to say of them, that they are so framed as to present the question as to whether the appellant Sallie A. Wright has any interest in the land.

The material facts in the case, so far as they affect the question of title, are that the land described in the complaint was originally the property of Carlin Hamlin, the husband of the appellee Catharine E. Hamlin, and Jacob T. Wright, the husband of the appellant Sallie A. Wright. They purchased the land from one Jacob P. Dunn, to whom they executed a mortgage for unpaid purchase money.

The interest of Wright in the land was sold on judgments and foreclosures, to which the appellant Sallie A. Wright was not a party, and sheriff's deeds executed to the purchasers pursuant to such sales.

Wright and Hamlin failing to pay the purchase money due to Dunn, Warren Tate, to whom the mortgage had been assigned, instituted suit in the Marion Superior Court to foreclose his mortgage, making parties

thereto Wright and Hamlin and their wives, and, also, Fletcher & Churchman, alleging that the latter held liens against the lands junior to his mortgage. Such proceedings were had in this case as that Tate obtained a judgment against Wright and Hamlin for the amount of purchase-money due, and a decree foreclosing his mortgage against all the parties to the suit. Upon this decree the land was regularly sold by the sheriff of Marion county to Warren Tate and Helen J. Tate, and a deed executed pursuant to such sale and purchase.

Subsequently, Jacob T. Wright, the appellant Sallie A. Wright, Carlin Hamlin, and the appellee Catharine E. Hamlin, commenced an action to review the above mentioned judgment and decree, making parties thereto all who were parties to the suit in which the judgment and decree were rendered. Fletcher & Churchman, in this latter case, filed a cross-complaint, in which they sought to review the decree and have the same annulled as to them on account of material new matter discovered since its rendition. Fletcher & Churchman succeeded on their cross-complaint, but Wright and Hamlin and their wives were defeated. The decree rendered in favor of Fletcher & Churchman on their cross-complaint, was affirmed by this court in the case of *Tate* v. *Fletcher*, 77 Ind. 102.

It is now contended by the appellants that the decree of the Marion Superior Court, setting aside the decree of foreclosure obtained by Tate as to Fletcher & Churchman, vacated the decree as to the appellant Sallie A. Wright, and rendered the sale on such decree void.

We can not agree with the appellants in this contention. The result of a successful application to review a judgment, is the same as a successful appeal to this court. *Leech* v. *Perry*, 77 Ind. 422; R. S. 1881, section 620; Work's Pr., 75.

Had Fletcher & Churchman alone appealed to this

court from the decree against them in favor of Tate, a reversal as to them would have left the judgment and decree, as to the other parties, standing in full force. So, setting it aside as to them on their application to review, had the same effect. It in no manner affected the judgment and decree as to Wright and Hamlin and their wives. Judgments and decrees are to be construed with reference to the pleadings and issues upon which they are based. The contest between Tate on one side, and Fletcher & Churchman on the other, related to the priority of liens, and was a question in which Wright and Hamlin had no interest.

It follows, from what we have said, that the sale and deed upon the judgment and decree in favor of Tate for purchase-money, divested the interest of the appellant Sallie A. Wright, and that she, therefore, has no interest in the land described in her complaint.

In view of the conclusion we have reached, it is unnecessary to inquire whether the court erred in rendering a decree quieting the title of Catharine E. Hamlin, since such an error, assuming it to exist, could not reverse the judgment and decree in this case. As neither Mrs. Wright nor the First National Bank of Danville has any interest in or claim upon this land, it is impossible that any decree affecting its title could injuriously affect either of them.

Other questions are presented and argued in this cause, but as the question we have decided disposes of the case upon its merits, it is unnecessary to examine or decide them.

Judgment affirmed.

Filed Dec. 12, 1893.