The Ætna Life Ins. Co. of Hartford, Connecticut, *et al. v.* Benson.

fraud, and necessary to a recovery, and the modifications consisted of statements to the effect that the representations must be such as the appellant "had a right to rely upon." Former instructions had indicated certain representations, and representations under certain conditions which the appellant had no right to rely upon. In view of the former instructions the phrase objected to must be held to have reference to the class of representations pointed out as not to be relied upon. While no definition of the phrase is given in express terms, it is quite clear, considering the charges all together, as we must, that the representations upon which the appellant had the right to rely should be other and different from those where it had been expressly directed that there was no right to rely.

Finding no available error in the record, the judgment of the circuit court is affirmed.

McCabe, J., did not participate in this case.

Filed January 16, 1895 ; petition for rehearing overruled October 16, 1895.

---

No. 17,020.

## The Ætna Life Insurance Company of Hartford, Connecticut, et al. *v.* Benson.

Appellate Procedure.—*Dismissal of Appeal.—Superior Court.— Record.*—An appeal to the supreme court, from a judgment of the superior court at general term, affirming a judgment of such court at special term, will be dismissed, where the record does not disclose what judgment, if any, was entered at special term.

From the Marion Superior Court.

*Ayres & Jones* and *A. T. Beck*, for appellants.

*R. N. Lamb* and *R. Hill,* for appellee.

HOWARD, C. J.—This is an appeal from a judgment of the general term of the Marion Superior Court, affirming a judgment of said court at special term. The record, however, fails to disclose what judgment, if any, was entered at special term. A finding of facts, with conclusions of law in favor of appellee is shown; but the judgment, if any there were, does not appear. We are therefore unable to determine whether the judgment of the court at general term was correct or not, inasmuch as an appeal to the general term could be taken only from a final judgment at special term, which final judgment should be set out in the record. *Northcutt v. Buckles,* 60 Ind. 577; *Wingo v. State,* 99 Ind. 343; *Gray v. Singer, Admr.,* 137 Ind. 257; Elliott App. Proced. sections 81, 96; Elliott Gen. Prac., sections 1015, 1018, 1035, 1056. There is therefore no question presented for our consideration.

The appeal is dismissed.

Filed May 28, 1895; petition to reinstate overruled, October 16, 1895.