JAMISON, BY NEXT FRIEND, v. LAKE ERIE AND WESTERN RAILROAD COMPANY.

[No. 18,100.   Filed Nov. 4, 1897.   Rehearing denied Feb. 17, 1898.]

JUDGMENT.—*Action to Review.*—*Complaint.*—A complaint in an action to review a judgment must contain in the body thereof enough of the pleadings in the cause sought to be reviewed, or the substance, nature or character thereof, to present the question of the alleged error without resorting to the transcript of the record thereof filed with the complaint as an exhibit.

From the Morgan Circuit Court.   *Affirmed.*

*W. R. Harrison* and *W. J. Beckett,* for appellant.

*W. H. H. Miller, J. B. Elam* and *John B. Cockrum,* for appellee.

MONKS, J.—This action was brought by appellant to review a judgment obtained by appellee against appellant. Appellee's demurrer to the complaint, for want of facts, was sustained, and, appellant refusing to plead further, judgment was rendered against ap-

pellant. The only error assigned calls in question the action of the court in sustaining the demurrer to the complaint. Appellee insists that under the provisions of section 365, Burns' R. S. 1894 (362, R. S. 1881), it is only when a pleading is founded upon a written instrument or account that the same can be made a part of the pleading by filing the original, or a copy, with such pleading; that an action to review a judgment is not brought upon such judgment, or to recover thereon, but to review the same for error; and that, therefore, the part of the record sought to be reviewed cannot be made a part of the complaint by filing the same therewith as an exhibit; that, as the part of the record sought to be reviewed was not set forth in the complaint, but was only filed therewith as an exhibit, the court did not err in sustaining the demurrer thereto.

We need not, and do not, however, determine whether or not it is necessary, as insisted by appellee, to set forth in a complaint for review a copy of the part of the record sought to be reviewed, for the reason that, conceding that it is not necessary, and that a copy of the same may be filed with the complaint as an exhibit, the complaint in this case was not, for other reasons urged by appellee, sufficient to withstand the demurrer for want of facts.

It is averred in the complaint that appellant filed a complaint in two paragraphs to recover damages for personal injuries inflicted by appellee upon appellant, and that the first paragraph charged that the injury was caused by appellee, whether willfully or negligently is not stated, and the second paragraph that said injury was willfully and intentionally inflicted upon appellant by appellee; that an answer in two paragraphs was filed, to the second of which appellant demurred for want of facts, which demurrer

was overruled, and to which ruling the appellant excepted. That the cause was tried by a jury, and at the close of the evidence the court directed a verdict for the appellee, and judgment was rendered on the verdict in favor of appellee. It is alleged as error that the court erred in overruling the demurrer to the second paragraph of answer. Even if it is sufficient to file a copy of the record sought to be reviewed as an exhibit, it would seem, under our practice, that the facts stated in a complaint for review for error of law, should be sufficient to withstand a demurrer without resorting to the transcript filed therewith. In actions brought for a new trial on account of newly discovered evidence, the rule is that the pleading and evidence in the original case, and the newly discovered evidence may be filed with the complaint as an exhibit. Yet, in such cases, in determining the sufficiency of the complaint the pleadings and evidence in the original case filed with the complaint as an exhibit cannot be considered. Neither the pleadings nor evidence in the original case can be resorted to for the purpose of supplying any averment essential to the sufficiency of the complaint. All the averments essential to the validity of the complaint must be set out in the body of such complaint, or the same will not be sufficient to withstand a demurrer for want of facts. The character of the action, and the materiality of the newly discovered evidence, must be shown by the facts set forth in the body of the complaint, and not left to be inferred from the pleadings and evidence in the original case filed therewith. *Davis* v. *Davis*, 145 Ind. 4, and cases cited. This doctrine was applied to a complaint to review a judgment on account of newly discovered matter in *Hill* v. *Roach*, 72 Ind. 57, where it was held that the newly discovered matter must be set out in the body of the complaint, and the affidavits

The Baltimore, etc., R. W. Co. *v.* Conoyer.

filed with such complaint, setting up said matter, could not be resorted to in determining the sufficiency of the complaint.

So, in this case, we think the complaint should have stated so much of the complaint and answer, or the substance or nature or character thereof, as was necessary to present the question of the alleged error, without resorting to the exhibit filed with the complaint. It was necessary to set out so much of said second paragraph of answer, or the substance, nature, or character thereof, as would show whether or not the same was a defense to both paragraphs of complaint to which it was addressed. No part of this second paragraph of answer, or the substance or nature or character thereof, was set forth in the complaint for review, and the court did not err, therefore, in sustaining the demurrer thereto.

Judgment affirmed.