Wabash R. Co. v. Young.

WABASH RAILROAD COMPANY v. YOUNG.

[No. 18,738.    Filed January 5, 1900.]

JUDGMENTS.—*Review.*— *Complaint.*— *Exhibits.*—A complaint to review a judgment must state enough of the pleadings or the nature or character thereof to present the question of the alleged error without resorting to the exhibits filed with the complaint. *pp. 24–26.*

SAME.—*Review.—Complaint.*—A complaint to review a judgment for error of law must specifically set forth the ruling of the court relied upon as error, and the facts upon which such ruling is based. *pp. 26, 27.*

From the Miami Circuit Court. *Reversed.*

W. V. Stuart, E. P. Hammond, D. W. Simms, E. P. Hammond, Jr., R. J. Loveland and H. P. Loveland, for appellant.

D. E. Rhodes, for appellee.

HADLEY, C. J.—On the 13th of December, 1897, appellee filed his complaint in the Miami Circuit Court to review a former judgment of that court rendered in an action wherein he was plaintiff, and the appellant defendant.

The complaint charged that in October and December, 1895, the plaintiff filed his complaint against the defendant for the recovery of damages for being prevented by the defendant from obtaining and keeping employment; and that afterwards, in October, 1897, upon leave of court, he "filed amended first and second paragraphs of complaint in the words and figures following:" Here follows what purports to be two paragraphs of complaint. And the complaint proceeds: "To which amended complaint, so filed by said plaintiff, defendant demurs in the following words and figures:" Here follows what purports to be a separate demurrer to each paragraph of the complaint. The complaint then further proceeds: "That on Wednesday, October 20, 1897, the following proceedings were had in said cause, which is a copy of the record contained in order-book forty-three at

Wabash R. Co. *v.* Young.

page 507". Then follows the minutes of the court, which, among other things, recite: "Comes now the plaintiff, and by leave of court files an amended complaint in three para-graphs in the words following: (Here insert.) And now the defendant files a demurrer to the amended complaint in these words: (Here insert.) And the court sustains the de-murrer to the amended complaint, to which ruling the plain-tiff excepts, and, refusing to plead further, judgment is ren-dered against him", from which he prays an appeal; and, after further reciting the judgment rendered against the plaintiff, the complaint continues: "Plaintiff files herewith a copy of the first and second paragraphs of said amended complaint and makes them a part of this complaint and marks the first paragraph A, and the second paragraph B. He also files herewith a copy of the defendant's demurrer to said amended complaint, marked Exhibit C, and files here-with, as a part hereof, a copy of the record of the judgment in said cause, and marks it Exhibit D. Wherefore plaintiff asks a review of the judgment and proceedings in said cause, and for all proper relief." To this complaint appellant's demurrer was overruled, and, refusing to answer over, judg-ment was accordingly rendered against it, from which this appeal is prosecuted.

The sufficiency of the complaint is the only question properly before us. The complaint is wholly bad. Stripped of its formal parts, and its reference to the pleadings in the former case, it amounts to this: That, in 1895, the plain-tiff filed his complaint against the defendant for damages for being prevented by the defendant from obtaining and keep-ing employment; that, on the 20th day of October, 1897, upon leave of court, he filed amended first and second para-graphs of complaint, and on the same day filed an amended complaint in three paragraphs, to which amended complaint the defendant filed a demurrer. Wherefore the plaintiff asks a review of the judgment and proceedings in said cause, and for all proper relief. An action to review a judgment

can only be maintained by filing a complaint. A complaint is defined to be "A statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." §341 Burns 1894, §338 Horner 1897.

Without recourse to what is alleged to be copies of two paragraphs of complaint, of a demurrer, and an order-book entry, the court is without information concerning the plaintiff's grievances against the defendant, or the grounds of the defendant's demurrer, or the action of the court thereon, or the nature of the judgment, or whether the plaintiff excepted to the rulings of the court. The allegation that the following is a copy falls far short of an averment that the recitals of the copy are facts. It was held in *Davis* v. *Davis*, 145 Ind. 4, that all averments essential to the validity of a complaint must be set out in the body thereof, and not by reference to exhibits, or the same will not be sufficient to withstand a demurrer thereto; and, applying this doctrine to a complaint to review a judgment, it was said, in *Jamison* v. *Lake Erie, etc., R. Co.*, 149 Ind. 521 at page 524: "We think the complaint should have stated so much of the complaint and answer, or the substance or nature or character thereof, as was necessary to present the question of the alleged error without resorting to the exhibit filed with the complaint." See *Travelers Ins. Co.* v. *Prairie School Tp.*, 151 Ind. 36. But aside from the effect of incorporating in the complaint copies of the former pleadings and record is the graver question, namely: The total absence of any averment that error was committed in the former proceedings, or that either of the statutory grounds for a review existed. If no error of law had been committed, and no new matter discovered, the plaintiff had no right to a review, and, before he can proceed, he must state the grounds of his injury. It is therefore essential to a complaint for review of a judgment for error of law that it specifically set forth

Wabash R. Co. *v.* Young.

the ruling of the court relied upon as error and the facts upon which such ruling is based (*Findling* v. *Lewis*, 148 Ind. 429), and that the plaintiff, at the time of such ruling, excepted thereto, *American Ins. Co.* v. *Gibson*, 104 Ind. 336, and cases cited.

Appellant insists that we consider a second reason why its demurrer to the complaint should have been sustained, namely: Because neither paragraph of the amended complaint in the judgment reviewed states facts sufficient to constitute a cause of action, the insistence being that the question will probably arise in a future stage of this case. If proper to do so, we could not, under this record, determine the sufficiency of the complaint in the former case, because it nowhere appears in the record. It is first charged in the complaint that the plaintiff, in 1895, filed his complaint, and on October 20, 1897, filed his amended first and second paragraphs of complaint, following which there is set out what is called, first, "A complaint for damages" in one paragraph, at September term, 1895, and second, an "Amended complaint" in one paragraph, at September term, 1897. It is next averred in the complaint that on Wednesday, October 20, 1897, the following proceedings were had in said cause, as contained in order-book forty-three at page 507. Then follows among other things: "Comes now the plaintiff, and by leave of court files an amended complaint in three paragraphs (Here insert.), and the defendant files a demurrer to the amended complaint (Here insert.), which is sustained, and the plaintiff excepts."

Neither paragraph of the amended complaint in the former case is set out in the complaint in this case. It is alleged that a copy of the first and second paragraphs is filed herewith and made a part hereof, marked Exhibits A and B, but no such exhibits appear anywhere in the record. The record, therefore, affirmatively shows that the complaint, upon which the judgment reviewed was based, is not in the record. Judgment reversed, with instructions to sustain appellant's demurrer to the complaint.