Murphy v. Branaman, Adm.

Murphy v. Branaman, Administrator, et al.

[No. 19,143.   Filed January 23, 1901.]

Judgments.—*Review.*—*Complaint.*—A complaint to review a judgment which does not contain in the body thereof enough of the proceedings in the cause sought to be reviewed that, without resort to the exhibits filed, the court may have before it a full and complete statement of the case, is insufficient on demurrer for want of facts. *pp. 77-82.*

Appeal and Error.—*Misjoinder of Causes of Action.*—A cause will not be reversed for misjoinder of causes of action. *p. 82.*

From the Jackson Circuit Court.   *Affirmed.*

*W. K. Marshall,* for appellant.
*B. H. Burrell,* for appellees.

Dowling, C. J.—This was a proceeding under the statute for the review of a judgment. §§627-632 Burns 1894, inclusive. Three of the defendants below appeared, and separately demurred to the complaint for want of facts, and because two separate causes of action were improperly joined. The demurrers were sustained, and judgment was rendered against the plaintiff below. Error is assigned upon these rulings.

The complaint (title omitted) is in these words:   "John E. Murphy, plaintiff, complains of William T. Branaman, administrator *de bonis non* of the estate of George H. Murphy, deceased, with the will annexed, James B. Murphy, Charles W. Murphy, Catharine Murphy, Charles E. Murphy, Edward Murphy, Bruce Murphy, Catharine Robertson, Laura Hays, Blanche Patrick, Frank Murphy, James Blaine Murphy, Hayden Murphy, Sylvia Murphy, Laura Hill, George E. Gibson, Mary Hazen, Nancy Wilson, Nelly Murphy, and Louis Schneck, defendants, and says: That, at the August term, 1898, of the Jackson Circuit Court, there was a cause pending in said court for the construction of the last will and testament of George H. Mur-

phy, then late of Jackson county, Indiana, deceased; that, in said case, the now defendant, James B. Murphy, was sole plaintiff, and this plaintiff, John E. Murphy, and all the other defendants to this complaint (except the said James B. Murphy) were then defendants; that a copy of the complaint, filed in said case, by said then plaintiff, James B. Murphy, is filed herewith marked exhibit A. All of the defendants to said complaint were first duly served with process. The said Louis Schneck filed his answer to said complaint and cross-complaint. The following named defendants were under twenty-one years old, and filed their answer by their guardian *ad litem*. A copy of said answer and cross-complaint is filed herewith, marked exhibit B; a copy of said answer of the guardian *ad litem* is filed herewith, marked exhibit C, and made part hereof. The other defendants all were duly called in court and made default. The then plaintiff, James B. Murphy, filed his answer to said cross-complaint, a copy of which answer is filed herewith, and made part hereof, marked exhibit D. The cause being at issue, was submitted to the court for trial, and a copy of all the evidence given in said case is filed herewith, marked exhibit E. The court then made a finding in said case, and rendered judgment in said case, a copy of which finding, judgment, and all the other court orders in said case, is filed herewith, marked exhibit F, and made a part hereof. That afterwards, to wit, in the same term of court, the said James B. Murphy filed another complaint in said court, to which complaint he made the same defendants as before; a copy of which complaint is filed herewith, marked exhibit G, and is made part hereof. That no process of any kind was issued on the last complaint, and none was served on any of the defendants, and no issues whatever were joined on said last complaint; that said last case was designated in said court as number 2,012, on the probate docket number fourteen; that said plaintiff gave the following evidence in said case to the court, a copy of which evidence is filed

herewith, marked exhibit H, and is made part hereof; that, upon said last mentioned complaint and evidence, the court made the finding and judgment, a copy of which is filed herewith, and made a part hereof, marked exhibit I. That there was at that time $2,500 of the moneys belonging to and a part of said estate, none of which was derived from, or a part of, the life insurance money collected from the life insurance policies held by said George H. Murphy in the Masonic Mutual Insurance Company, nor from the proceeds of the sale of lot number 147, in block W, in the city of Seymour, in Jackson county, Indiana. That there is manifest error in said case appearing on the record of said case, as follows, to wit: (1) That said James B. Murphy was not entitled to have any part of his legacy out of said $2,500, yet said decree of said court gave it to him; (2) that said court had no jurisdiction over this plaintiff to make any finding or judgment in said case in any way against him, or in any way affect his interest in said estate. For third assignment of errors, plaintiff says the court further erred in this, to wit: The original complaint in this case of James B. Murphy does not state any facts to show that any part of the $2,500, mentioned in the complaint as being in the clerk's office, was derived from the insurance policies, nor from the sale of lot 147, block W, in Seymour, and did not state any facts sufficient to constitute a cause of action against said John E. Murphy to construe said will on that point, and did not give the court jurisdiction to adjudge, order, and decree that he was entitled to any of such money in payment in whole, or in part, of his said legacy. That this plaintiff had a right to have said $2,500 applied to the payment of such debts as were in any way a lien on the land devised to him in said will, so as to protect his said land, as far as possible, from said liens. Wherefore, plaintiff prays for a review of the proceedings and judgments in said cases, and that the same be in all things reversed, and plaintiff prays for all other and further proper relief."

It has often been stated that a proceeding to review a judgment is in the nature of an appeal, and that so much of the record in the case in which a review is sought must be set out in the complaint for review as will fully present the errors relied upon. *McDade* v. *McDade,* 29 Ind. 340; *Comer* v. *Himes,* 58 Ind. 573; *Stevens* v. *City of Logansport,* 76 Ind. 498; *Graves* v. *State,* 136 Ind. 406; *Evansville, etc., R. Co.* v. *Maddux,* 134 Ind. 571; *Hancher* v. *Stephenson,* 147 Ind. 498; *Findling* v. *Lewis,* 148 Ind. 429; *Jamison* v. *Lake Erie, etc., R. Co.,* 149 Ind. 521.

In such a complaint the rules of good pleading require that all the facts relied upon as entitling the party to relief should be averred, and particularly set forth in the complaint, with accuracy and clearness, so that without resort to the exhibits filed the court may have before it a full and complete statement of the case. If pleadings, proceedings, or entries are referred to, while they need not be set out in *haec verba,* yet the substance of such portions of them as are necessary to a right understanding of the real matters of the complaint should be incorporated in that pleading. A complaint to review a judgment is not founded upon the proceedings and judgment sought to be reviewed, and copies of such proceedings and judgment filed with the complaint cannot supply omissions of necessary allegations of their contents in the complaint itself.

The rule of pleading is very plainly stated in *Jamison* v. *Lake Erie, etc., R. Co., supra,* from which we quote: "Even if it is sufficient to file a copy of the record sought to be reviewed as an exhibit, it would seem, under our practice, that the facts stated in a complaint for review for error of law should be sufficient to withstand a demurrer without resorting to the transcript filed therewith. In actions brought for a new trial on account of newly discovered evidence, the rule is that the pleading and evidence in the original case, and the newly discovered evidence may be filed with the complaint as an exhibit. Yet, in such cases,

in determining the sufficiency of the complaint the pleadings and evidence in the original case filed with the complaint as an exhibit cannot be considered.   Neither the pleadings nor evidence in the original case can be resorted to for the purpose of supplying any averment essential to the sufficiency of the complaint.   All the averments essential to the validity of the complaint must be set out in the body of such complaint, or the same will not be sufficient to withstand a demurrer for want of facts.   The character of the action, and the materiality of the newly discovered evidence, must be shown by the facts set forth in the body of the complaint, and not left to be inferred from the pleadings and evidence in the original case filed therewith.   *Davis* v. *Davis,* 145 Ind. 4, and cases cited.   This doctrine was applied to a complaint to review a judgment on account of newly discovered matter in *Hill* v. *Roach,* 72 Ind. 57, where it was held that the newly discovered matter must be set out in the body of the complaint, and the affidavits filed with such complaint, setting up said matter, could not be resorted to in determining the sufficiency of the complaint."

Such a suit is governed, in many respects, by the rules of procedure which are applied to appeals.   If the action of the court is assailed on the ground that errors of law were committed, it must appear that proper exceptions were reserved, and that the necessary steps were taken, by way of motion or otherwise, to enable the party complaining to present such supposed erroneous rulings for review.

Tested by these rules, the complaint before us cannot be sustained.   It contains, at best, a mere skeleton or outline of the matters relied upon, and attempts to supply nearly all of the averments necessary to present the supposed errors by reference to exhibits alleged to contain the proceedings and evidence in the original case.   It cannot be ascertained from the averments of the complaint what the provisions of the will of George H. Murphy were, what interest the ap-

pellant had in the estate, or took under the will, or what construction was given to the will by the court. Neither can we learn from the complaint what the allegations of the various pleadings filed in the original case were, nor whether any steps were taken by the appellant here, who was one of the defendants below, to present any questions for review, or to save any exceptions to the rulings of the trial court. The averments of the errors alleged to have occurred in the proceedings and judgment sought to be reviewed are altogether uncertain and indefinite, and amount to little more than statements of conclusions. The complaint was fatally defective for the reasons pointed out herein, and the demurrers to it were properly sustained because it did not state facts sufficient to constitute a cause of action.

It is unnecessary for us to examine the second cause of demurrer, viz., that two separate causes of action were improperly joined in the complaint, as no error committed in sustaining a demurrer for that reason is ground for a reversal of the judgment. §344 Burns 1894.

Judgment affirmed.