HAGUE ET AL. v. THE FIRST NATIONAL BANK OF HUNTINGTON.

[No. 19,716. Filed January 8, 1903.]

APPEAL.—*Joint Assignment of Error.*—A joint assignment of error, as to the action of the court in sustaining demurrers to two paragraphs of complaint, presents no question if either paragraph is bad. *p. 637.*

JUDGMENT.—*Review.—Complaint.*—In a suit to review a judgment rendered against plaintiffs in an injunction proceeding, a complaint which states none of the facts upon which the complaint for injunction rested, nor any fact from which the court deduced

its conclusions of law, and refused a new trial, is not sufficient on demurrer. *pp. 638, 639.*

From Huntington Circuit Court; *J. W. Adair*, Special Judge.

Suit by Thomas H. Hague and others against the First National Bank of Huntington. From a judgment for defendant, plaintiffs appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*M. L. Spencer, W. A. Branyan* and *H. B. Spencer*, for appellants.

*R. A. Kaufman, O. W. Whitelock* and *S. E. Cook*, for appellee.

HADLEY, C. J.—Appellants brought this action to review a judgment obtained against them by the appellee. The amended complaint is in two paragraphs, to each of which the appellee demurred separately and severally. The demurrer was sustained to each paragraph of the amended complaint and appellants excepted.

The only assignment of error is in these words: "The court erred in sustaining the demurrer to the amended complaint." This assignment assails collectively the separate and distinct rulings of the court on the demurrer to each of the two paragraphs of the amended complaint, and under the well established rule in this State the assignment must fail unless valid as to both. *Noe* v. *Roll,* 134 Ind. 115; *Black* v. *Thompson,* 136 Ind. 611; *Dorsett* v. *City of Greencastle,* 141 Ind. 38; *Moore* v. *Morris,* 142 Ind. 354; *Saunders* v. *Montgomery,* 143 Ind. 185.

The substance of the first paragraph is as follows: That on August 28, 1898, the defendant, the First National Bank of Huntington, filed in this court its complaint against these plaintiffs for an injunction forbidding the plaintiffs from tearing down, or in any way interfering with a certain building situate on land therein described. A summons was duly issued and served on the plaintiffs,

whereupon they appeared to the action, filed their answer in general denial, and the cause was then submitted to the court for trial. The court, upon request, made a special finding of facts, and stated its conclusion of law thereon in favor of the bank, to the effect that it was entitled to a perpetual injunction restraining the defendants—these plaintiffs—from interfering with the building described. in the complaint, which conclusion of law was erroneous upon the facts found, and the plaintiffs excepted thereto at the time, but the exception was overruled, and the court rendered judgment against these plaintiffs in accordance therewith; whereupon these plaintiffs moved the court to modify said judgment so as to limit the time of the injunction to six months within which the bank should remove said building to its own land, but the motion was overruled, and these plaintiffs at the time excepted. These plaintiffs then moved the court for a new trial for reasons stated in the motion, which motion was overruled, and these plaintiffs excepted. The evidence is all brought into the record by a bill of exceptions duly signed, certified, and filed within the time allowed, a copy of which record and proceedings, duly certified, is filed. That there is manifest error, in this, namely: (1) The court erred in its conclusion of law; (2) the court erred in overruling the motion to modify the judgment; (3) the court. erred in overruling the motion for a new trial. Wherefore. the plaintiffs pray, etc.

A complaint for review of a judgment stands upon the same footing as the complaint in all other causes. To be sufficient it is essential that it exhibit a good cause of action; that is, show upon its face some prejudicial error of the court in the former trial, to which exception was properly taken and reserved. Accordingly, to constitute a valid complaint for review, enough of the issuable facts of the former case to show the grounds, effect, and limitation of the rulings complained of must be set out in the complaint, together with the nature of the rulings and exceptions, so that

the court may be able to see from the body of the complaint itself, and without referring to exhibits filed therewith, that the plaintiff is entitled to relief against an error that has been committed by the court against him. *Murphy* v. *Branaman,* 156 Ind. 77; *Wabash R. Co.* v. *Young,* 154 Ind. 24; *State, ex rel.,* v. *Wills,* 26 Ind. App. 329.

Tested by these principles, the first paragraph of the amended complaint was wholly bad. Not a fact upon which the complaint for injunction rested, is stated; nor a fact from which the court deduced its conclusion of law, and refused appellants a new trial, is set forth in this paragraph of the complaint, and it is very clear that the demurrer thereto was properly sustained.

It follows that the judgment should be affirmed. Judgment affirmed.