## LIGHTCAP v. KONOVOSKY.

[No. 20,223.   Filed January 7, 1904.]

JUDGMENT.—*Review.*—*Complaint.*—A complaint to review a judgment is insufficient where the only ground for review alleged is that the court erred in overruling plaintiff's motion for a new trial in the original cause, and it is not averred that the court made any ruling in that case to which exception was taken, and which was assigned as a cause for a new trial, and neither the motion for a new trial, nor any of the grounds assigned for a new trial in the original action, nor the substance thereof, is set forth or stated in the complaint.

From Starke Circuit Court; *B. D. L. Glazebrook*, Special Judge.

Action by Henry Lightcap against Joseph Konovosky to review a judgment. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*H. R. Robbins* and *J. M. Fuller*, for appellant.
*Simon Bybee* and *Nichols & Foster*, for appellee.

MONKS, J.—Appellant brought this action to review a judgment rendered in favor of appellee against him. A demurrer for want of facts to the complaint for review was sustained, and, appellant refusing to plead further, judgment was rendered in favor of appellee. It is insisted by appellant that the court erred in sustaining said demurrer.

It is the settled rule in this State, in proceedings to review, that all the facts necessary to constitute a cause of

action must be alleged in the complaint so that the same is sufficient to withstand a demurrer for want of facts without resorting to the exhibits. *Murphy* v. *Branaman,* 156 Ind. 77, 80-82; *Wabash R. Co.* v. *Young,* 154 Ind. 24, 26, and cases cited; *Travellers Ins. Co.* v. *Prairie School Tp.,* 151 Ind. 36, 38-41, and cases cited; *Jamison* v. *Lake Erie, etc., R. Co.,* 149 Ind. 521. The only ground for review alleged in the complaint is that the court erred in overruling his motion for a new trial in the original cause. It is not averred that the court made any ruling in that case to which exception was taken and which was assigned as a cause for a new trial. Neither the motion for a new trial, nor any of the grounds assigned for a new trial in the original action, nor the substance thereof is set forth or stated in the complaint. Unless we refer to the transcript of the proceedings in the original case, it is not possible to ascertain what rulings the court made which were causes for a new trial or whether they were assigned as causes therefor. It is clear, under the authorities cited, that the court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.