## MYER, ADMINISTRATOR, v. MINCH ET AL.

[No. 6,411. Filed March 10, 1910.]

1. JUDGMENT.—*Jurisdiction.— Presumptions.— Mortgages.— Foreclosure.*—Where the parties to a forclosure suit in the circuit court appear and answer, the decree entered cannot be attacked for want of jurisdiction, jurisdiction of the persons being shown by their appearances, and jurisdiction of the subject-matter being presumed. p. 497.

2. JUDGMENT.—*Court Proceedings.—Presumptions.*—The judgment, as well as other proceedings of a court, are presumed to be proper. p. 497.

3. JUDGMENT.—*Excessive.—Validity.*—An excessive decree, where jurisdiction exists, is not void. p. 497.

4. JUDGMENT.—*Review of.—Necessity of Showing Error.—Complaint.*—A complaint to review a decree, that fails to disclose any objection or exception to erroneous rulings therein, is not sufficient, such proceeding being in the nature of an appeal, the trial being by the record alone. p. 497.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Suit by Peter Myer, as administrator of the estate of Sarah Myer, deceased, against Joseph M. Minch and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Headington & Wheat,* for appellant.

*Smith & Moran,* for appellees.

MYERS, C. J.—On April 26, 1906, appellant commenced this suit in the court below against the appellees, under §645 Burns 1908, §615 R. S. 1881, to review a decree foreclosing a mortgage in favor of George Hartnagle and against appellant's decedent and others, entered in the Jay Circuit Court on April 24, 1905. The complaint was in one paragraph, to which a demurrer for want of facts was sustained,

and a decree was entered in favor of appellees. The sustaining of appellees' demurrer to the complaint is assigned as error.

Appellant has incorporated in his complaint the complaint of Hartnagle to foreclose his mortgage, showing that Peter Myer, Sarah Myer, John Myer, Michael Myer, Joseph M. Minch and Jacob F. Myer, Jr., were made defendants therein. and that all of said defendants, except Sarah and Michael Myer, were lienholders on the land covered by the mortgage in suit. The amount of the lien held by each of said defendants, as well as the order of their priority, was alleged. It is also shown that each of said defendants answered the complaint in general denial. Sarah Myer, at that time a minor, answered in denial by a guardian *ad litem*. It is also shown that the issues thus formed were submitted to the Jay Circuit Court for trial, resulting in a finding fixing the amount and priority of the liens held by plaintiff and each of the defendants against a certain tract of real estate theretofore owned by Jacob Myer, who was then deceased, but who prior to his death had conveyed said real estate to Sarah Myer, who was found to be the fee-simple owner thereof. The mortgage lien of Hartnagle was found to be superior to all liens of defendants except one mortgage lien held by said Minch for $1,121. The mortgage held by Hartnagle was foreclosed, the land ordered sold subject to the Minch lien for $1,121, and the proceeds arising from such sale were ordered to be applied by the sheriff to the satisfaction, (1) of the costs of the suit, and (2) to the extinguishment of the Hartnagle lien, and to the extinguishment of the other liens in the order of their priority as found by the court. The residue, if any, was to be paid to the clerk of the court for Sarah Myer. It also appears that the Hartnagle suit was commenced April 5, 1905, decree thereon entered April 24, 1905, and on April 25, 1905, a copy of said decree was issued by the clerk of said court to the sheriff of said county, who thereafter, pursuant to said decree, sold said real estate to Dora A. Luttman, one

of the appellees herein, for the sum of $1,675; that said sum was, by the sheriff, distributed as ordered in said decree; that the proceeds arising from said sale were insufficient to pay anything on the lien of Peter Myer or to Sarah Myer.

It is claimed by appellant that in the Hartnagle suit the court had no jurisdiction to try or to determine the question as to the amount or nature of any lien in favor of defendants therein, for the reason that no issue was formed authorizing such adjudication. It cannot be said that the Jay Circuit Court did not have jurisdiction of the parties to that suit, nor that it was not a court of general jurisdiction, and, being a court of general jurisdiction, it is presumed to have jurisdiction of the subject-matter of the action. *Roberts* v. *Leutzke* (1907), 39 Ind. App. 577. For "by jurisdiction of the subject-matter is meant jurisdiction of the class of cases to which the particular case belongs." *Chicago, etc., R. Co.* v. *Sutton* (1892), 130 Ind. 405. Therefore, having concluded that the Jay Circuit Court had jurisdiction of the parties and of the subject-matter, it must be presumed that its acts and proceedings were regular, and that it had jurisdiction to enter the particular decree in question.

Returning to the allegations of the complaint, it clearly appears that appellant sought to review the decree entered in the Hartnagle suit, upon the theory that an error of law was committed by the court in its finding and decree. If it be true, as claimed, that the decree gave one of the parties more than his pleading shows he was entitled to, such fact does not make the decree void. *Williams* v. *Manley* (1904), 33 Ind. App. 270, and cases cited. In the complaint before us it is not shown that any objection was made or exception reserved to any of the rulings of the court in the case wherein the decree was sought to be reviewed. This showing was necessary. The complaint was insufficient to withstand a demurrer for want

of facts.  *Goar* v. *Cravens* (1877), 57 Ind. 365.   As was said in the case of *Williams* v. *Manley, supra:* "A proceeding to review a judgment, for error of law appearing in the proceedings and judgment, is in the nature of an appeal, and is to be tried by the record alone.   Such a proceeding cannot be sustained unless the error be such as would reverse the judgment on an appeal."   In the case of *Wabash R. Co.* v. *Young* (1900), 154 Ind. 24, it was said: "It is therefore essential to a complaint for review of a judgment for error of law that it specifically sets forth the ruling of the court relied upon as error and the facts upon which such ruling is based (*Findlay* v. *Lewis* [1897], 148 Ind. 429), and that the plaintiff, at the time of such ruling, excepted thereto, *American Ins. Co.* v. *Gibson* [1885], 104 Ind. 336, and cases cited."   In the case of *Murphy* v. *Branaman* (1901), 156 Ind. 77, it was held "that a proceeding to review a judgment is in the nature of an appeal, and that so much of the record in the case in which a review is sought must be set out in the complaint for review as will fully present the errors relied upon."   In the case of *American Ins. Co.* v. *Gibson, supra,* it was said: "It has uniformly been held that if no objection be made to the judgment, and no motion made to modify it in the trial court, no objection can be made available upon appeal, nor in an action to review, however erroneous the judgment may be.   This rule has been applied even where judgment was rendered by default."   See, also, *Hague* v. *First Nat. Bank* (1903), 159 Ind. 636.

Finding no reversible error in the record, the judgment of the trial court is affirmed.