PARKER *v.* STATE OF INDIANA

[No. 28,230.   Filed October 31, 1946.]

*Kenneth H. Parker, pro se.*

*James A. Emmert,* Attorney General, *Frank E. Coughlin,* First Assistant Attorney General, and *George W. Hadley,* Deputy Attorney General, for the State.

STARR, C. J.—This is an attempted appeal from a judgment of the Tippecanoe Circuit Court denying appellant's petition for a writ of error *coram nobis.*

By his assignment of errors appellant has assigned six different grounds for reversal, only one of which, could present any question to this court.

Appellant has filed a purported transcript upon which to base this appeal which consists of the following items: The following proceedings in criminal cause No. 1920 in the Tippecanoe Circuit Court; the affidavit charging appellant with rape of a female child under 12 years of age; his arraignment on said affidavit; his plea of guilty thereto, and the sentence imposed by the court. The foregoing record is certified to by the clerk of said court. There follows in said transcript a purported copy of appellant's petition in two paragraphs for a transcript for use upon appeal as a poor person from a decision of said court handed down April 16, 1946, in Cause No. 7274 of said court; notice of appeal from said judgment to the Supreme Court of Indiana addressed to the Clerk of Tippecanoe Circuit Court; notice of said appeal addressed to the prosecuting attorney of Tippecanoe County; and appellant's verified petition for writ of *coram nobis* in *forma pauperis* in said Cause No. 7274 filed on March 14, 1946; and appellant's amendment to said petition for writ of error *coram nobis* in said cause filed on March 27, 1946. The last mentioned proceedings are not certified by the Clerk of the Tippecanoe Circuit Court as being a part of the record in said cause.

The purported transcript does not set out any rulings or the judgment or any other action taken by the Tippecanoe Circuit Court on said petition for writ of error *coram nobis*, if any was had; nor does it contain the evidence, if any was introduced at the alleged hearing on said petition; nor does it show the answer of the State of Indiana to said petition, if any was made.

From the state of the record so filed herein there is nothing upon which this court can base a determination. The State of Indiana has provided a public de-

fender who stands ready and willing to assist those in the position that the appellant now finds himself. Certainly it is not the duty or burden of this court to prepare cases for appeal but only to decide those presented to it in a proper and orderly manner.

This appeal is therefore dismissed.

NOTE.—Reported in 69 N. E. (2d) 176.