ACME-GOODRICH, INC. *v.* NEAL, EXECUTOR ETC.

[No. 19,035. Filed March 16, 1959. Rehearing denied May 11, 1959. Transfer denied June 18, 1959.]

*Campbell, Campbell, Malan & Kyle* and *Frank S. Campbell,* of Noblesville, for appellant.

*Roland Griffin,* of Sheridan, *Roberts & Church,* of Noblesville and *Albert W. Ewbank,* of Indianapolis, for appellee.

MYERS, J.—This was a proceeding to review a judgment of the Hamilton Circuit Court pursuant to Acts 1881, (Spec. Sess.), ch. 38, §665, p. 240, Burns' Ind. Stat., §2-2604, for alleged error of law appearing in the proceedings. A demurrer was sustained to the complaint and appellant refused to plead over. This ruling presents the only question for decision.

Appellee died August 5, 1957. On petition duly filed with this court to substitute a party appellee, John R. Neal, Executor of the Estate of Fred E. Hines, Deceased, was ordered substituted as the party appellee.

Appellant filed its complaint in one paragraph to review and reverse a default judgment entered by the Hamilton Circuit Court against appellant in favor of appellee's decedent for the sum of $2,500 and costs. The complaint alleges that the appellant, Acme-Goodrich, Inc., was a corporation, duly incorporated under and pursuant to the laws of the State of Indiana. In the early part of December, 1951, the appellee's decedent, Fred E. Hines, an attorney, filed a complaint against appellant and others in the Hamilton Circuit Court, in which complaint and action he stated that on or about the 1st day of April, 1946, he was employed by appellant and other persons to perform certain professional services, which consisted of preparing contracts and other legal documents, for which services appellant and the other persons became indebted to him in the sum of $2,500. In rhetorical paragraph two of appellant's complaint there is set forth in its entirety a copy of the original complaint on account for legal services against appellant and certain other persons, filed in December, 1951.

The complaint for review proceeds to state that thereafter, on December 5, 1951, a summons was issued by the Clerk of the Hamilton Circuit Court and delivered to the Sheriff of Marion County, to be served upon appellant and other named defendants, which summons was thereafter served by the Sheriff of Marion County upon one of the persons named as a defendant in the complaint, but not upon appellant. In rhetorical paragraph 3 of the complaint appellant

thereafter sets forth in full a copy of the summons which was issued in the cause together with the sheriff's return.

The complaint for review further states that thereafter, on the 18th day of June, 1955, a judgment was rendered in favor of appellee's decedent against appellant in the sum of $2,500 and costs; that appellant did not appear and defend the action or make any defense thereto because no summons was served upon it and the court had no jurisdiction over it; that appellant had a good and meritorious defense to such complaint in the cause in that appellant never employed appellee's decedent as its attorney, nor did he perform any services for appellant.

Appellant stated that there were errors of law appearing in the proceedings and judgment in that the summons which was served upon it by the Sheriff of Marion County, together with the Sheriff's return, did not give the court jurisdiction over appellant, and that judgment was rendered against appellant without proper notice and without any appearance by it. The complaint closes with a prayer asking that the judgment be reviewed, that the errors of law be corrected, the judgment reversed, and for all other proper relief.

To this complaint appellee's decedent filed a demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action against him, and that it did not state facts sufficient to constitute a cause of action for the review of a judgment for errors of law.

In his memorandum to the demurrer, appellee's decedent has set forth, among other reasons as to why the demurrer should be sustained, the specification that the complaint does not set forth any errors of law

made by the trial court. He argues in his brief that appellant failed to set forth the judgment itself or the substance of it as it was rendered in the original case; that thus the complaint for review is defective and could not present any question of errors of law. Appellant denies this, stating that in rhetorical paragraph 4 of the complaint for review it alleged as follows:

"4. That thereafter, to-wit on the 18th day of June, 1955, such proceedings were had in said cause No. A 8755, that a judgment therein was rendered in favor of said Fred E. Hines, as plaintiff therein against said Acme-Goodrich, Inc., the plaintiff herein; as defendant in said cause No. A 8755 for the sum of twenty-five hundred ($2500.00) dollars and costs."

It has been held by the Indiana Supreme Court that an action for review of a judgment is a substitute remedy for appeal and is of the same nature as an appeal. It is similar to a petition for rehearing and is not independent of but is incidental to the main action. It gives the same trial court which tried the case and overruled the motion for new trial the opportunity at a later date to correct its own error. The object of a complaint to review a judgment and an appeal to the Supreme Court or to this court is the same. It is to examine the record to determine whether there is error, and if so the court may set aside a previous judgment. *Attica Bldg. & Loan Assn.* v. *Colvert* (1939), 216 Ind. 192, 23 N. E. 2d 483. The effect of a judgment in a case for review where error has been found is to set aside and vacate the prior judgment. *Wright et al.* v. *Churchman et. al.* (1893), 135 Ind. 683, 35 N. E. 835. It is a method of attacking a void judgment, as where there is no jurisdiction over the person the judgment is void and may be taken

up by review. *Bartmess* v. *Holliday* (1901), 27 Ind. App. 544, 61 N. E. 750.

A complaint for review is very much like a complaint in any other case. It must set forth a good cause of action and show on its face that there has been some prejudicial error committed by the court in the former trial. It must set forth issuable facts so that the court can see from the body of the complaint that the plaintiff is entitled to relief. *Hague* v. *First Nat. Bank* (1903), 159 Ind. 636, 65 N. E. 907; *Lightcap* v. *Konovosky* (1904), 161 Ind. 609, 69 N. E. 396; *Clark* v. *Clark* (1930), 202 Ind. 104, 172 N. E 124.

As was said in *Jamison, By Next Friend* v. *Lake Erie, etc., R.R. Co.* (1898), 149 Ind. 521, 523, 48 N. E. 223:

"All the averments essential to the validity of the complaint must be set out in the body of such complaint, or the same will not be sufficient to withstand a demurrer for want of facts."

In many cases for review the complaint has attached to it as an exhibit copies of the original pleadings or a full transcript of the proceedings in the previous trial. It has been consistently held by the courts of this state that the complaint should aver all the facts relied upon entitling the plaintiff to relief, with accuracy and clearness, and without resort to any exhibits filed with it. It is not necessary that the pleadings, proceedings or entries be set forth in *haec verba,* but the substance of them must be incorporated in the pleading so as to give a right understanding of the matters involved. *Murphy* v. *Branaman, Adm.* (1901), 156 Ind. 77, 59 N. E. 274.

It has been previously stated that this type of suit is governed in many respects by the rules of pro-

cedure which are applied to appeals. It must be tried by the record alone and cannot succeed unless the error would be such as to reverse a judgment on appeal. *Wabash R. Co.* v. *Young* (1900), 154 Ind. 24, 55 N. E. 853; *Williams* v. *Manley* (1904), 33 Ind. App. 270, 69 N. E. 469; *Myer* v. *Minch* (1910), 45 Ind. App. 495, 91 N. E. 32.

In *Stevens* v. *City of Logansport* (1881), 76 Ind. 498, 500, the court said:

> "The question must be tried by the record of the case to be reviewed, and hence the same necessity for the presentation of a complete record, as in case of an appeal."

The court thus determined that if certain parts of the record, such as a bill of exceptions, are not necessary in connection with the error assigned, they do not need to be inserted in the complaint. It does say that the pleadings, verdict, motions and rulings should be included as well as *the final judgment*. The court states:

> "Nothing more would have been necessary in case of a direct appeal; and there is no good reason for requiring more in the complaint for review."

It is well known that a final judgment is part of the record proper and must appear therein on appeal. 4A C. J. S., Appeal & Error, §774 b., p. 638; *Malott* v. *Central Trust Co.* (1907), 168 Ind. 428, 79 N. E. 369. The sufficiency of a judgment which is not found in the record before the reviewing court cannot be determined on appeal. 4A C. J. S., Appeal & Error, §774 b., p. 639; 2 West's Indiana Law Encyclopedia, ch. 8, §268, p. 85.

In *Aetna Life Ins. Co. of Hartford, Conn., et al.* v. *Benson* (1895), 142 Ind. 323, 324, 40 N. E. 797, the

court stated that where the record on appeal fails to disclose the final judgment the court is unable "to determine whether the judgment of the court at general term was correct or not, inasmuch as an appeal to the general term could be taken only from a final judgment at special term, which final judgment should be set out in the record." If there is no entry of judgment found in the transcript the record is incomplete, even though the complaint, demurrers, answers and bill of exceptions are filed therein. *Gray* v. *Singer, Administrator* (1894), 137 Ind. 257, 36 N. E. 209, 1109. An appeal must be dismissed when there is no entry of judgment in the transcript. *Becks* v. *State ex rel. Dowd* (1952), 230 Ind. 231, 99 N. E. 2d 746; *Parker* v. *State* (1946), 224 Ind. 513, 69 N. E. 2d 176; *Gray* v. *Singer, Administrator, supra.*

The similarity between an appeal and a complaint for review requires that the same rules must be followed. It has been held that in an action to review a judgment a copy of the judgment must be set forth in the complaint. *Bradford* v. *The School Town of Marion* (1886), 107 Ind. 280, 7 N. E. 256. The whole purpose of this type of suit is to review a judgment, just as the same is true in an appeal. There are no exhibits to appellant's complaint. There is no copy of the judgment or substance thereof included in the complaint. The only statement it makes concerning the judgment is found in rhetorical paragraph 4 above set forth in its entirety. That gives no indication as to whether the court made any findings or what was included in the entry of judgment. It is a mere statement that a judgment was rendered.

The complaint for review in this case was defective and the appellant presented no question to the trial court of an error in the record without the judgment

being set forth in full or in material substance. Because of this holding, there will be no need to go into the other questions presented by the appellant.

Judgment affirmed.

ON PETITION FOR REHEARING

MYERS, J.—Appellant, Acme-Goodrich, Inc., has filed a petition for rehearing in which it has set forth three grounds upon which it claims the court's decision is erroneous.

First, it claims that the opinion states that a complaint to set aside a judgment must contain within the body of the complaint a complete transcript of pleadings and judgment, which contravenes ruling precedents of the Supreme Court. The opinion follows most of the authorities cited by appellant and very clearly states that it is *not* necessary to set forth the pleadings, proceedings or entries *in haec verba,* but that the substance of them must be incorporated in the complaint to give a right understanding of the matters involved. *Murphy* v. *Branaman, Adm.* (1901), 156 Ind. 77, 59 N. E. 274; *Wabash R. Co.* v. *Young* (1900), 154 Ind. 24, 55 N. E. 853; *Jamison, By Next Friend* v. *Lake Erie, etc., R.R. Co.* (1898), 149 Ind. 521, 48 N. E. 223; *Cain et al.* v. *Goda* (1882), 84 Ind. 209.

Appellant also has cited the case of *Cavanaugh et al.* v. *Smith* (1882), 84 Ind. 380, 382, which was a suit to declare a divorce decree void because of a fraudulent service of summons. Aside from the fact that the statute under which a complaint for review of a judgment may be brought specifically prohibits a review of a divorce decree, and thus this case is not in point, the court held that a collateral attack on the judgment could be made in an answer to the complaint. In the opinion this statement is made:

"It is true beyond all question, that where it is made to appear *in a proper manner* that there was no jurisdiction of the person, the judgment will not be simply erroneous, but absolutely void." (Emphasis ours.)

Appellant argues its second point that the opinion of the court sets forth a summary of facts alleged in its complaint, which included a complete copy of the complaint filed by appellee's decedent in the trial court, the summons issued, the return of the sheriff endorsed on the summons, which it claims fails to show service on appellant, and a statement that appellant did not appear, and thereafter that the court entered a judgment against appellant in the sum of $2,500 and costs. Appellant claims that the opinion erroneously stated the complaint did not present a question to the trial court of error in the record, contrary to precedents of the Supreme Court. Again appellant cites the cases of *Cain et al.* v. *Goda, supra* and *Cavanaugh et al.* v. *Smith, supra*. It further cites the cases of *Houk et al.* v. *Barthold* (1880), 73 Ind. 21, *Frazier* v. *Williams* (1862), 18 Ind. 416, and *State ex rel. Beckham, Sr.* v. *Vanderburgh Cir. Ct.* (1954), 233 Ind. 368, 119 N. E. 2d 713. These latter cases are not in point, as they deal with Burns' Ind. Stat., §2-1068, which is an entirely different statutory procedure for setting aside a default judgment on the grounds of mistake, inadvertence, surprise or excusable neglect.

This court upheld a judgment of the trial court which sustained a demurrer to a complaint to review a previous judgment on the ground that the complaint was defective because it did not set forth in the body thereof the judgment or enough of it in material substance so as to present the question of alleged error.

This brings us to the last contention of appellant, which is that this court failed to give a statement in writing of each substantial question arising in the record, referring specifically to the question of jurisdiction over the person of the appellant which arose in the original case. This was the principal question which appellant attempted to have the trial court review in its complaint to review. That complaint was tested by demurrer and found wanting. Thus, whatever question concerning the validity or invalidity of the service of summons in the original case could not be presented to this court because it was not properly presented by way of review in the court below. In sustaining the demurrer to the complaint for review for want of facts, the trial court eliminated any question on appeal to this court except as to whether it committed error in its decision. Since the cause was not presented "in a proper manner" to the trial court, this court cannot determine the question of service of summons.

Appellant has stated in its brief in support of its petition for rehearing that it has made an error in calling its complaint a "complaint to review a judgment"; that, in fact, it was merely an application to vacate and set aside a void judgment. Appellant has proceeded through the trial court and this court on the theory that this was a complaint filed under the statutory provision to review a judgment. Appellant cannot change its theory of the case at this late date. Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, ch. 56, §2784, p. 364, and cases cited.

Petition for rehearing denied.

NOTE.—Reported in 156 N. E. 2d 790.
Rehearing denied in 158 N. E. 2d 299.